E. S. DRAKE, ADM'R OF WM. DUROSSETT, DECEASED, Defendant in Error, *v.* S. F. HALE, Plaintiff in Error.

1. *Practice—Attachment—Publication.*—The notice under an order of publication, issued in a suit by attachment, must state that the defendant's property has been attached—R. C. 1855, p. 246, § 23; and if this be omitted, the judgment rendered upon such notice will be void.

2. *Attachments—Levy of Lands.*—The levy of an attachment upon lands of the defendant will not be void because the sheriff fails to notify the tenants in possession, or give a a reason for such failure. The giving of such notice constitutes no essential part of the levy.

*Error to Benton Circuit Court.*

*J. F. Phillips,* for plaintiff in error.

I. The sheriff's return on the writ of attachment was insufficient, and did not authorize the rendering of the judgment against Hale—R. C. 1855, p. 245, § 22; Cabeen v. Douglass, 1 Mo. 336; Walsh v. Agnew, 12 Mo. 521, 527; Thatcher v. Powell, 6 Wheat. 119, 127; Lackey v. Seibert, 23 Mo. 85, 94; Harris v. Hardman et al., 14 How. (U. S.) 334–45.

II. The order of publication was not sufficient to authorize a judgment against the property of defendant Hale. It did not show a proceeding *in rem*, and was neither a literal nor substantial compliance with the requirements of the statute —R. C. 1855, p. 246, § 23; Hallet v. Righter et al., 13 How. (N. Y.) Prac. 43; Thatcher v. Powell, 6 Wheat. 119, 127; Morton v. Reed, 6 Mo. 64, 74; Harris v. Hardman et al., 14 How. (U. S.) 334, 341; Denning v. Corwin et al., 11 Wend, 647; Voorhees v. Bk. U. S., 10 Pet. 476; Corliss v. Corliss, 8 Vt. 389.

*a.* The notice by publication is an entire thing, one and indivisible; it cannot be halved, or in less degree sub-divided —Withers v. Rodgers, 24 Mo., 340, 343.

*b.* The order of publication only shows a proceeding *in personam*, and was no such notice as required the defendant to appear and defend, as a judgment rendered on such notice

Durossett's Adm'r v. Hale.

would be nugatory—Smith v. McCutchin, Garn., &c., (not reported) ; Caldwell v. Lockridge, 9 Mo. 358 ; Smith v. Ross et al., 7 Mo. 463 ; Sanders v. Rains et al., 10 Mo. 770 ; Atkison v. Amick, 25 Mo. 404.

III. The record in the case does not show that proof of publication was ever made. This fact should appear affirmatively of record—Smith v. Fowler, 12 Wend. 9 ; Harris v. Hardman et al., 14 How. 341, 342 ; 11 Wend. 648, 653 ; Pelton v. Platner, 13 Ohio, 209, 219 ; Smith v. Ross et al., 7 Mo. 465, 466 ; Miami Ex. Co. v. Brown et al., 6 Ohio, 236 (Repub. 6 Halst. 535) ; Reynolds v. Stanberry et al., 20 Ohio, 359.

IV. The motion made below was proper, and in time—13 How. (N. Y.) Prac. 43 ; Posy v. Buckner, 3 Mo. 604 ; Blanton v. Jamison, 3 Mo. 53 ; 12 Mo. 147 ; 34 Mo. 318 ; 33 Mo. 612.

*John S. Phelps,* for defendant in error.

I. The law does not require the sheriff, in his return, to state there are no tenants of the real estate attached—R. C. 1855, p. 244, 245. The return of the sheriff in this case is equivalent to a statement there are no tenants. His return cannot be controverted in this case— Hallowell et al. v. Page, 24 Mo. 590 ; Pope v. Page et al., 24 Mo. 595.

II. The order of publication in this case is a substantial compliance with the law. At the date of the order of publication, the property of the defendant had not been attached. It is alleged the order of publication is defective in this, that it does not state his property has been attached. In all other particulars, the order of publication complies with the requirements of the statute—R. C. 1855, p. 246.

HOLMES, Judge, delivered the opinion of the court.

This was a suit by attachment. Annexed to the petition was an affidavit of non-residence of the defendant ; and the attachment appears to have been issued on the 2d day of

July, 1865.   On the 22d day of July following, an order of publication was issued by the clerk, in vacation, reciting, as the ground of the attachment, that the defendant had so absented himself from his usual place of abode in this State that the ordinary process of law could not be served upon him ; and it merely notified the defendant of the commencement of an action against him for damages in the destruction of property, and that if he did not appear at the next term, judgment would be rendered against him, and his property sold to satisfy the same.   It did not contain the notification required by the statute, " that his property had been attached," nor give any intimation of that fact—R. C. 1855, p. 246, § 23.   Neither does the record show that any affidavit of the fact that the defendant had absented himself from this State, so that the ordinary process of law could not be served upon him, had ever been filed.

In respect of the notification, the attachment act differs from the general practice act.   It supposes that there may be no personal or other service on the defendant himself, and that the proceeding may be wholly *in rem* against the property attached.   In such case, this is the very thing of which he should have notice, that he may appear and protect his property from sale.   But it is enough that the statute expressly requires this fact to be stated in the order of publication, and there is no room for any other construction.   It follows that this publication was of no avail whatever, and that the judgment, being rendered against a party who had no notice, was entirely void.   For this reason alone, the motion of the defendant to set aside the judgment and quash the execution should have been sustained.

Another objection was, that the sheriff's return did not show a valid levy on the real estate, for the reason that it did not state that notice had been given to the tenants in occupation of the premises ten days before the return thereof, nor give any reason why it was not done.   It would no doubt be entirely proper that the return in such cases should state these things distinctly ; but it has already been decided

that the giving of such notice constitutes no essential part of the levy itself, which is not required to be made at the same time, and that a sheriff's sale of the real estate levied on and sold, under a levy like this one, will not be set aside for that reason only—Lackey v. Seibert, 23 Mo. 85. Nor did this objection constitute any good ground for setting aside the judgment.

For want of sufficient publication of notice to the defendant, the judgment will be reversed, and the cause remanded for further proceedings, in accordance herewith.

Judge Wagner concurs; Judge Lovelace absent.