Job Newton *et al.*, Defendants in Error, v. W. B. Strang, Jr., Plaintiff in Error.

St. Louis Court of Appeals, March 8, 1892.

1. **Practice, Trial:** SUPPLYING LOST RECORDS. Lost records can only be supplied by order of court. Accordingly, an entry will not suffice for that purpose, if it does not contain an order for the substitution of another record or paper in the place of the one lost, but merely shows that the record or paper sought to be substituted was presented to the court as a copy of the missing one, and filed in the cause.

2. ———: ———. *Held*, accordingly, that a return by the sheriff that he had executed the writ of attachment, " by seizing and levying upon all the right, title and interest of the defendant " in certain specified personalty which was accessible and susceptible of manual seizure, would not confer jurisdiction in such case, both because it did not show that the defendant owned or had some attachable interest in the property, and because it failed to show a seizure of the property itself.

3. ———: ———. *Held, arguendo*, that the test of the sufficiency of the return in such a case is, whether an action for a false return could be based on the return, in case the defendant had been damnified by the assumption of jurisdiction over the cause by the court issuing the writ.

4. ———: ———. *Held*, also, that the return of a levy on personalty was insufficient by reason of its failure to show the date of the levy, and that such return was, therefore, inadequate to confer jurisdiction under the circumstances mentioned.

5. **Practice, Trial**: SUPPLYING LOST RECORDS. Lost records can only be supplied by order of court. Accordingly, an entry will not suffice for that purpose, if it does not contain an order for the substitution of another record or paper in the place of the one lost, but merely shows that the record or paper, sought to be substituted, was presented to the court as a copy of the missing one and filed in the cause.

*Error to the Greene Circuit Court.*

REVERSED AND REMANDED (*with directions*).

*T. J. Rowe*, for plaintiff in error.

*F. S. Hefferman* and *E. W. Banister*, for defendant in error.

THOMPSON, J.—This action was commenced by original attachment in the circuit court of Greene county against W. B. Strang and W. B. Strang, Jr., as copartners doing business under the firm-name of W. B. Strang & Son. Among other grounds for the attachment laid in the affidavit was that of non-residence. The first writ of attachment was issued on the eighteenth of July, 1888, directed to the sheriff of the city of St. Louis. This writ was executed by the sheriff of the city of St. Louis on the twenty-first day of July by levying upon certain personal property of the defendants. On the twenty-fifth of July another writ of attachment was issued, directed to the sheriff of Greene county, and was by him levied the same day upon certain personal property in Greene county, which levy was returned by him in the following words:

"Executed the within writ in Greene county, Missouri, on the twenty-fifth day of July, 1888, by seizing and levying upon all the right, title and interest of the within-named defendants, W. B. Strang & Son, of, in and to some carpenter tools, viz., two boring machines. J. C. DODSON,
"Sheriff."

On the thirty-first of July the sheriff of the city of St. Louis further executed the writ of attachment, which had been directed to him, by delivering a copy of the writ, petition and account, as furnished by the clerk, to W. B. Strang, Jr., one of the defendants. On the basis of jurisdiction, thus furnished, the circuit court of Greene county rendered a general judgment against the defendant, W. B. Strang, Jr. Whether the court had jurisdiction to render this judgment, or any judgment against this defendant, is the only question which we shall consider.

It is conceded that a valid levy upon property of this defendant in Greene county was essential to give the circuit court of Greene county jurisdiction to render a personal judgment against him under the personal service of the attachment had upon him in the city of St. Louis ; and the only question for consideration, therefore, is whether the levy of July 25, above recited, was a valid levy for this purpose. The objection to the levy under consideration is that it nowhere states that the property levied upon was the property of the defendant, W. B. Strang, Jr., nor does it anywhere state that this defendant had any right, title or interest in the property. We are unable to take any distinction between this levy and that under consideration in the case of *Anderson v. Scott*, 2 Mo. 15, where the sheriff levied an attachment upon some mules without stating in his return whose mules they were, and it was held that the levy was bad, although that case arose under a different statute. Here the levy is not a levy upon personal property generally, but it is a levy upon the right, title and interest of W. B. Strang & Son in personal property ; but the sheriff does not state that W. B. Strang & Son had any right, title or interest in the property. The test by which to determine whether the levy was sufficient to create a basis for a personal jurisdiction over the defendant, W. B. Strang, Jr., by the subsequent service of the attachment upon him in St. Louis

seems to be to consider whether, in case he had been damnified in consequence of the exercise of such jurisdiction, he could have maintained an action against the sheriff of Greene county for a false return, within the principle laid down by the supreme court in the case of *State ex rel. v. Finn*, 87 Mo. 310 (reversing this court, 11 Mo. App. 400). But it is clear that the defendant, W. B. Strang, Jr., could not support an action against the sheriff of Greene county for a false return, by proving that he, the defendant, had no right, title or interest in the property on which the sheriff assumed to levy, because the return nowhere contains a distinct affirmation that such is the fact. If, then, this return will support the jurisdiction in question, it is clear that personal jurisdiction may be obtained over a defendant in any part of the state by making a sham levy upon some supposed right, title and interest of his in personal property within the jurisdiction, and by having a counterpart writ of attachment served on him in the county where he may be found, which would defeat the policy of the statute law of this state relating to the venue of civil actions.

But, aside from the above-stated objection to this levy, there is another view which makes it still more clear that no jurisdiction was acquired under it. The statute under which it was made (R. S. 1879, sec. 420, clause 4; R. S. 1889, sec. 543) provides that, "when goods and chattels * * * are to be attached, the officer shall *take the same and keep them in his custody*, if accessible." Here the levy returned by the sheriff does not show that he took any goods and chattels into his possession. It shows no more than a mere metaphysical levy, by seizing, not the chattels themselves but the right, title and interest of W. B. Strang, Jr., in certain chattels.

That the recital by the officer in his return of a valid levy in compliance with the statute is necessary to the jurisdiction of the court in proceedings by

attachment, is shown by numerous decisions in this state: *Norvell v. Porter*, 62 Mo. 309; *Haley v. Railroad*, 80 Mo. 112; *Gates v. Tusten*, 89 Mo. 13, 21; *Mangold v. Dooley*, 89 Mo. 111; *Connor v. Pope*, 18 Mo. App. 86.

We must, therefore, conclude that the levy in question gave the court no jurisdiction to render the judgment which was rendered, unless the court acquired jurisdiction by reason of *another* levy recited in what purports to be a supplied writ of attachment which had been lost. The record in regard to this supplied writ recites as follows: "And on the nineteenth day of September, 1889, plaintiff's attorney presented to the court a writ of attachment, purporting to be a copy of the original writ delivered to sheriff of Greene county, which is in words and figures following, to-wit:" (Here follows the writ of attachment with the return thereon.) This supplied writ of attachment contains the clerk's file mark as of the date on which it was attempted to be supplied, namely, September 19, 1889; but no order of court anywhere appears authorizing it to be supplied in the place of any writ of attachment found to have been lost. It cannot, therefore, be regarded as a part of the record. Records can only be amended, and lost records can only be supplied, by order of a court of competent jurisdiction. *State ex rel. v. St. Louis*, 67 Mo. 117. But we add that, if an order of the court had appeared supplying this levy as a part of the record, the result would have been the same, since the levy is void by reason of the fact, that it does not show the *date* at which it was made.

We conclude that the judgment must be reversed, and the cause remanded with directions to dismiss the suit for want of jurisdiction. It is so ordered. All the judges concur.