JAMES W. TUFTS, Defendant in Error, v. MAX VOLKENING, Plaintiff in Error.

51   7
122m 633

St. Louis Court of Appeals, November 9, 1892.

1.  Attachment: PUBLICATION.   An order of publication in a proceeding by attachment is valid, though it is made prior to the seizure of any property under the writ of attachment.

2.  Corporations: LEVY ON SHARES.   A writ of attachment or execution can be levied upon all the right, title and interest of the defendant in shares of stock in a corporation, though the shares do not stand in the name of such defendant upon the books of the corporation.

3.  Attachment: RETURN ON WRIT.   A return of the levy of a writ of attachment upon all the right, title and interest of the defendant in the attached property is sufficient to confer jurisdiction for the purposes of a judgment *in rem*.   (*Newton v. Strang, 48 Mo. App. 538, distinguished.*)

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED (*and certified to Supreme Court*).

*Fred Gottschalk* and *E. W. Bannister*, for plaintiff in error.

*George W. Taussig*, for defendant in error.

BIGGS, J.—This cause is before us on the record proper, there being no bill of exceptions or appearance in the trial court.   The suit was begun April 11, 1892, by attachment, the object being to recover a judgment

for an alleged balance of purchase money for a "soda fountain." The affidavit stated that the affiant "had reason to believe, and did believe, that the defendant was a non-resident of the state." On April 22, the court ordered the defendant to be notified by publication of the commencement of the action, which was done in the manner prescribed by law. On April 26, the sheriff attached all the .right, title and interest of the defendant in ten shares of the capital stock of the St. Louis Railroad Company, stating in his return that ten shares so levied upon were "a part of the larger number of· shares on the books of the said company in the name of Henry Volkening, represented by certificate number ——, issued by said St. Louis Railroad Company in the name of Henry Volkening." At the succeeding term of the court, to-wit, on June 6, 1892, proof of publication was duly made and filed. On June 9, and during the continuation of the same term, judgment by default was taken, which was made final on June 21, to be satisfied by the sale of the property attached. These are the facts as disclosed by the record.

It was suggested on the argument that the affidavit was not sufficient to authorize the issuance of the attachment writ. In *Allen v. Ray*, 96 Mo. 542, which was an attachment cause, the court held that an affidavit like the one we have here was a substantial compliance with the requirements of the statute.

The next point urged against the validity of the judgment is that the order for publication of notice was anterior to the attachment of the property which the court ordered to be sold to satisfy the judgment. Under the law of 1855 (Revised Statutes, 1855, ch. 12, sec. 23) it was expressly provided that an order ·of publication in an attachment suit should state that the property of the defendant *had been attached*. By force

of this statutory requirement, if for no other reason, it would seem to follow logically that an actual levy was necessary in order to authorize either the clerk in vacation, or the court in term time, to make an order of publication. This was the effect of the decision of the supreme court in *Durossett's Adm'r v. Hale*, 38 Mo. 346. It was there decided that an order of publication which failed to state that the defendant's property had been attached was a nullity, While the decision was made to rest mainly on the statutory provision, it was very plainly intimated that from the very nature of the proceeding there should be an attachment of property before the court could take any other step. This view is also supported by the reasoning of the supreme court in *Freeman v. Thompson*, 53 Mo. 183. In the opinion in that case the following extract from the opinion of the supreme court of the United States in the case of *Cooper v. Reynolds*, 10 Wall. 308, is quoted with approval: "If the defendant appears, the cause becomes mainly a suit *in personam*, with the added incident that the property attached remains liable, under the control of the court, to answer any demand which may be established against the defendant by the final judgment of the court. But, if there is no appearance of the defendant, and no service of process on him, the case becomes, in its essential nature, a proceeding *in rem*, the only effect of which is to subject the property attached to the payment of the demand, which the court may find to be due to the plaintiff. * * * Now, in this class of cases, on what does the jurisdiction of the court depend? It seems to us that the seizure of the property, or that which in this case is to the same effect, the levy of the writ of attachment on it, is the one essential requisite to jurisdiction, as it unquestionably is in proceedings purely *in rem*. *Without this the court can*

*proceed no further;* with it the court can proceed to subject the property to the demand of plaintiff." The conclusion that we draw from these cases is that, although the statute of 1855, like the present statute (Revised Statutes, 1889, sec. 2022), authorizes the clerk in vacation, or the court in term time, to issue orders of publication, neither can rightfully do so, *unless property has been attached.*

But in the case of *Harris v. Grodner*, 42 Mo. 159, it appears that the clerk of the circuit court issued an order of publication upon the filing of the affidavit and bond for attachment. The defendant was notified that his property *"was about to be attached."* The court held that the order of publication was sufficient under the statute of 1855, and that the action of the clerk was authorized by the law. The court said: "When publication issues in vacation at the very commencement of the proceedings, the clerk cannot actually know and certify that the property has been attached, but he can only say that it is about to be attached; and this furnishes sufficient notice to the defendant within the meaning of the statute. This has been the usual construction put upon the statute in practice, and is, I think, the proper one." No allusion whatever was made in the opinion to the case of *Durossett's Adm'r v. Hale, supra.* The decision in this case was followed by the supreme court in a subsequent case (*Moore v. Stanley*, 51 Mo. 317), where there was an order of publication by the clerk notifying the defendant that an action had been commenced against him "by petition and attachment." The publication was issued at the commencement of the suit, and before any property had been seized. The court held the publication sufficient and the action of the clerk valid. Under these decisions, which adopt a literal reading of the statute

(Revised Statutes, 1889, sec. 2022), we must hold that the order of publication was legally made, although it was prior in time to the seizure of the property under the writ of attachment.

The levy upon the shares of stock was authorized, and the levy was *prima facie* sufficient under the statute. If the defendant was the owner of a part of the shares standing on the books of the company in the name of Henry Volkening, his right or interest, whatever it might be, was subject to seizure and sale either under execution or attachment. The statute (Revised Statutes, sec. 540) provides as follows: " Shares of stock in any bank, association, joint-stock company, or corporation, belonging to any defendant in any writ of attachment, may be attached in the same manner as the same may be levied upon under execution." Section 4925 of the statute relating to executions provides the manner of making a levy upon the shares of stock in a corporation. The requirements of this statute were strictly followed by the sheriff in making the levy in the present case. The fact that the shares stood in the name of another was no hindrance to the service of the process. This question has been settled by the supreme court in the case of *Foster v. Potter*, 37 Mo. 525, where it appeared that McDowell, the judgment debtor, had mortgaged the shares of stock levied upon to Foster, and had transferred them on the books of the company to Foster. The court held that McDowell's equity in the stock could be seized under process.

The statement in the return that only the right, title and interest of the defendant had been attached did not invalidate the levy. We held in the recent case of *Newton v. Strang*, 48 Mo. App. 538, that, where there is a levy upon chattels in an attachment cause, the return of the officer must state affirmatively that

the goods seized were the property of the defendant, in order to authorize the issuance of a summons against such defendant when found in another county. In that case, the right of the court to render a personal judgment against the defendant was contested. There is no analogy between that case and this. In the case before us, whatever right, title and interest the defendant has in the stock levied upon is subject to seizure and sale for the payment of his debts, provided the interest is such as may be reached by process of law. Whether he has any such interest only concerns the plaintiff. If he chooses to incur the necessary expense of finding out, we see no legal impediment in his road. If, as has been intimated in argument, but does not appear by the record, the interest of Max Volkening in said shares is merely the interest of a next of kin in the estate of Henry Volkening prior to an order of distribution, then the sheriff's sale will convey no title to the vendee, and the plaintiff's attempted ·attachment of that interest goes for naught.

There is nothing in the point that the judgment was for a greater amount than the averments of the petition authorized. The allegations in reference to the terms of credit are somewhat ambiguous, but when the whole petition is read it is made quite clear that the contract price was $810, that the defendant was entitled to a credit of $200, and that a balance of $610, with some accrued interest, was due. The judgment was for the latter amount.

Finding no error in the record, the judgment of the circuit court will be affirmed. But, as we are further of the opinion that the decision in this case is opposed to the express decision of the supreme court in *Durossett's Adm'r v. Hale, supra,* and to the analogies of *Freeman v. Thompson, supra,* we will certify the case to the supreme court for final decision. This is in con-

formity with our action in *Dobyns v. Meyer*, 20 Mo. App. 66, which was upheld by the supreme court in s. c., 95 Mo. 132. All the judges concurring, it is so ordered.