Harris v. Grodner.

———————*———————

D. P. HARRIS, Appellant, v. JESSE GRODNER, Respondent.

1. *Attachment—Order of Publication—Sufficiency.*—The order of publication required by the attachment act of 1855 (R. C. 1855, p. 246, § 23) did not itself operate an attachment, but was intended to impart notice to defendant of the pending attachment. And a publication notifying defendant that his property is "about to be attached," is sufficient, within the meaning of the statute.

*Appeal from Cedar Circuit Court.*

*T. A. Sherwood,* for appellant.

I. The court should have rendered judgment by default. The order of publication was sufficient; it was a substantial compliance with the provisions of the statute. (See Loc. Acts 1855, p. 534; Appendix of Forms to R. C. 1855, p. 1638, No. 86.) The form used in this case has thus received legislative sanction. A party who brings suit by attachment is entitled to an order of publication immediately upon filing the necessary affidavit, etc. A clerk cannot officially know that a party's property "has been attached" until due return of the writ.

*Lindenbower,* for respondent.

I. The attachment law requires that the notice by publication shall give notice to the defendant "that his property has been attached." The attachment law must be construed strictly; and an order of publication which gives notice to the defendant "that his property is about to be attached" is not a compliance with the requirements of the attachment law, and will not authorize a judgment. (Durossett's Adm'r v. Hale, 38 Mo. 346; Maples v. Tunis, 11 Hump. 108; Wilkie v. Jones, 1 Morris, 97; *id.* 456; Levy v. Millman, 7 Geo. 167; May v. Baker, 15 Ill. 89; Mills v. Findley, 14 Geo. 230; Edwards v. Toomer, 14 Sm. & M. 75; Vairin v. Edmonson, 5 Gilman, Ill., 270.) The form book attached to Revised Code of 1855 has not received legislative sanction. This has been so held by this court.

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced on a promissory note, by the appellant against the respondent, in the Circuit Court of Cedar county. A bond and an affidavit for attachment were filed with the original petition, and the clerk of the said court issued an order of publication in vacation, in the form inserted in the appendix to the Revised Code of 1855. The order of publication notified the respondent that an action had been commenced against.

Harris v. Grodner.

him by petition and attachment founded on a promissory note, and that his property "was about to be attached," and required him, at the next term of the court, on or before a given day, to appear and answer or plead. The order of publication was duly published, as provided by statute. Upon the filing of the petition, a writ of attachment was issued to the sheriff, who levied the same on the respondent's land, and certified the fact thereon at the return term. At the succeeding term, at which the notice given by order of publication was made returnable, no appearance was made by the respondent, and the appellant announced himself ready for trial, and demanded a judgment by default, which judgment the court refused to give, because no sufficient notice had been given the respondent of the commencement of the suit, and gave the appellant leave to take an *alias* order of publication or other process, which he refused to take ; whereupon the court dismissed the suit, and rendered judgment against him for costs. After an unsuccessful effort to have the order of dismissal set aside and the cause reinstated on the docket, he sued out his writ of error to the District Court, where the judgment was affirmed, and the case is brought here by appeal.

This suit was commenced under the act of 1855, and must be governed by its provisions. The act expressly authorizes the clerk in vacation to make out and issue the order of publication, where the cause is alleged in the affidavit justifying such a proceeding ; and, when the notice has been published the requisite time prior to the next term of the court, provides that judgment shall be rendered against the defendant, and his property sold to satisfy the same. The only object the law had in view or contemplation was to notify the party proceeded against, when he was a non-resident and could not be reached by personal service. The section uses the language that the publication shall notify the defendant that his "property has been attached," and in the present case it was stated that his "property was about to be attached."

It is not contended that there was any other error or defect in the published notice. Apart from the fact that the form of notice adopted by the clerk is the one in usual and customary use, there is no such variance between it and the statutory requirement as

would injuriously affect the defendant, or ought to deprive or retard the plaintiff in his remedy. The simple order of publication of itself does not operate as an attachment — the law having pointed out the manner in which attachments shall be made — but it is intended to notify the defendant of the pending attachment, in order that he may appear in court and make his defense. When publication issues in vacation at the very commencement of the proceedings, the clerk cannot actually know and certify that the property has been attached, but he can only say that it is about to be attached; and this furnishes sufficient notice to the defendant, within the meaning of the statute. This has been the usual construction put upon the statute in practice, and is, I think, the proper one.

The judgment will be reversed and the cause remanded. The other judges concur.