————o————

HANNAH MOORE, *et al.*, Appellant, *vs.* THOMAS STANLEY, Respondent.

1.—*Order of publication—Notification of attachment—What sufficient.*—Notice to defendant under an order of publication that an action commenced against him "by petition and attachment," is a sufficient notification of the attachment.

## *Appeal from Polk Circuit Court.*

*Phelps & McAffee,* for Appellants.

The order of publication made, and notice of suit published, do not state the property of defendant, *has been* or *is about to be attached.*

*F. P. Wright,* for Respondent.

The publication is within the spirit and intent of the statute of 1855, and literally embraces the law in the statute of 1865, which only requires an order "notifying them of the commencement of the suit and stating briefly the object and general nature of his petition." (W. S., 1008, § 13.) The statute does not make it essential that the clerk making the order, should insert the words, *"That his property has been attached."*—(Sec. 23 p. 246.)

SHERWOOD, Judge, delivered the opinion of the court.

This is an action of ejectment, brought in the Polk Circuit Court. Joseph M. Griffith is claimed as the common source of title. Defendant admitted he was in possession of the lands sued for, and was in possession thereof at the commencement of this suit. The plaintiff read in evidence, a deed from

Joseph M. Griffith, dated February 10, 1868, for the land in question. The defendant read in evidence, a deed from the sheriff of Polk county to him for said lands, reciting the attachment of said lands October 17, 1865; judgment rendered March 13, 1866; a sale on execution to defendant September 4, 1866, and a deed by sheriff to defendant, of same date.

The plaintiff, to show that the judgment referred to in the sheriff's deed to defendant was void, read in evidence the order of publication, which it was admitted was the only notice given to the defendant, Griffith, in that suit.

The plaintiff asked a declaration of law, in these words:

The order of publication read in evidence, is not a sufficient compliance with the law in attachment cases under the statute of 1855, and did not authorize a judgment of default against said Griffith.

The court refused to thus declare the law, and plaintiffs excepted.

The court then, at the defendant's request, gave a declaration of law, to the effect, that the judgment under which defendant bought the land, was valid. To this, plaintiff excepted, and judgment being rendered for defendant, after moving unsuccessfully for a new trial, plaintiffs bring the cause here by appeal.

The only question for examination here is, the sufficiency of said order of publication. That order is made by the clerk in vacation—states the nature and amount of plaintiff's demand, notifies defendant that an action has been commenced against him "by petition and attachment," and unless he be and appear, &c., and plead, answer, or demur to plaintiff's petition, the same will be taken as confessed, and judgment rendered against him, and his property sold to satisfy the same.

In Harris vs. Grodner, 42 Mo., 159, the order of publication was also made by the clerk in vacation, was similar to the one under consideration, except that it notified the defendant that his property "was about to be attached."

The Circuit Court refused upon this publication, to render a

judgment, by default, and on the case coming here, this court held the publication sufficient, remarking that, "The simple order of publication does not of itself operate as an attachment —the law having pointed out the manner in which attachments shall be made—but it is intended to notify the defendant of the pending attachment, in order that he may appear in court and make his defense." And the court further held in that case that, "when publication issues in vacation, at the very commencement of the proceedings, the clerk cannot ac-actually know and certify that the property has been attached, but he can only say it is about to be attached; and this furnishes sufficient notice to the defendant within the meaning of the statute."

Applying the rule as laid down in the above case to the present one, I am satisfied of the correctness of the rulings of the court below, and its judgment, with the concurrence of the other Judges, is therefore affirmed.