TUFTS v. VOLKENING, *Plaintiff in Error.*

Division Two, June 12, 1894.

1. **Practice:** ATTACHMENT: AFFIDAVIT. An affidavit, in an attachment suit, that the affiant "has good reason to believe, and does believe, that the defendant is not a resident of this state" is sufficient.

2. ———: ———: PUBLICATION. The court may order the publication of notice to such nonresident defendant before his property has been seized under the attachment process.

3. ———: ———: CORPORATE STOCK. The interest in shares of corporate stock may be attached, although such shares stand on the books of the corporation in the name of another.

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

*E. W. Banister* and *H. W. Adams* for plaintiff in error.

(1) The circuit court never acquired jurisdiction of the person of defendant, or any property belonging to him; hence it had no jurisdiction to authorize notice by publication or render any judgment in the cause. *Newton v. Strang*, 48 Mo. App. 538; *Anderson v. Scott*, 2 Mo. 16; Drake on Attachment, secs. 205–207. (2) Under the statute of this state shares of stock in a corporation can not be taken in attachment or on execution, unless they belong to the defendant, *i. e.*, unless he has the legal title to them and a definite and determined right of possession. R. S. 1889, secs. 540, 4924, 3925; *Foster v. Potter*, 37 Mo. 527; *Bank v. Abernethy*, 32 Mo. App. 226, and cases therein cited. (3) Property in the hands of an executor or administrator can

not be taken in attachment or garnishment prior to an order of distribution of the property among the devisees or heirs. 2 Blackstone's Com., p. 512; R. S. 1889, sec. 5220; *Scott v. Crews*, 72 Mo. 261; *State ex rel. v. Heinrichs*, 84 Mo. 550; *Hanenkamp v. Borgner*, 32 Mo. 569; *State v. Fulton*, 35 Mo. 323; *Vastine v. Duncan*, 42 Mo. 269; *Leaky v. Maupin*, 10 Mo. 369; *Gillett v. Kamp*, 19 Mo. 404; *Rougley v. Teichman*, 10 Mo. App. 257; *State ex rel. v. Moore*, 18 Mo. App. 406. (4) The petition in this case discloses that while the judgment was for $617.10, the total contract price of the goods was $360, of which $200 was paid. Therefore the judgment was excessive and should not be allowed to stand. (5) The order of publication was made April 22, 1892; the attempted levy, as shown by the return of the sheriff, was made April 26, 1892.

*Geo. W. Taussig* for defendant in error.

(1) There is no evidence before the court that the Henry Volkening designated in the sheriff's return, is deceased, and there is no evidence that, even if said Henry Volkening is deceased, his property has not yet been distributed among his devisees or heirs. (2) The service of the writs of garnishment upon William Schreiber and the other garnishees conferred jurisdiction upon the circuit court to render the special judgment against defendant below. 2 R. S. 1889, sec. 5255; Drake on Attachment, sec. 460; *Miller v. Anderson*, 19 Mo. App. 71. (3) Admitting, for the sake of argument, that the legal title to said stock was in Henry Volkening, the equitable interest of Max Volkening in said shares of stock was subject to levy under attachment. (4) Irrespective of the levy of the writ of attachment by the summoning of the garnishees, the levy upon the stock of the railroad company was valid and sufficient to give

the court jurisdiction. Drake on Attachment, sec. 259; *Stanford Bank v. Ferris*, 17 Conn. 259; *Foster v. Potter*, 37 Mo. 527; R. S. 1889, sec. 540.

SHERWOOD, J.—This cause, reported in 51 Mo. App. 7, was transferred to this court by the St. Louis court of appeals, is an action on an account for balance due on a "soda fountain." The suit was begun by attachment April 11, 1892, and on the same day garnishment proceedings were instituted, and on the same day properly served on several garnishees, to wit, William Schreiber, William Schreiber, executor of Henry Volkening, and the St. Louis Railroad Company. Said garnishees were duly served according to law, and all the requisites were duly complied with by the sheriff to attach in their hands the goods, moneys, effects, rights, credits, benefits, choses in action and evidences of debt, or so much thereof as would be sufficient to satisfy the debt, interest and costs in said suit, and said garnishees were duly summoned to appear at the June term, beginning first Monday of June.

On April 22, after the service of the writs of garnishment, an order of publication was applied for, and on the same day the court ordered the defendant to be notified by publication of the commencement of the action, and that this property had been attached, which was done in the manner prescribed by law.

The order of publication was inserted as required by law, the first publication appearing April 23. On April 26, by virtue of the same writ of attachment under which the garnishees had been summoned, the sheriff levied upon and attached the interest in ten shares of stock of the St. Louis Railroad Company; the return of the sheriff is the following: "Executed this writ in the city of St. Louis, Missouri, on the twenty-sixth day of April, 1892, by levying upon and

seizing all the right, title, claim and interest of Max Volkening, the within named defendant, of, in and to ten shares of the capital stock of the St. Louis Railroad Company, the same being part of a larger number of shares on the books of said company in the name of Henry Volkening, represented by certificate No. ——, issued by said railroad company in the name of Henry Volkening; and at the same time leaving with R. B. Jennings, secretary of the said St. Louis Railroad Company a true copy of the writ with my attested certificate thereon indorsed that I did levy upon and take such rights and shares to satisfy this writ. Said defendant can not be found in the city of St. Louis, Missouri, June 4, 1892.

"PATRICK M. STAED, Sheriff.

"By LOUIS HOLY, Deputy."

On June 9 default was taken against defendant, and on June 21, 1892, defendant still not appearing, final judgment was entered "that the plaintiff recover of said defendant the damages assessed and his costs and charges herein and have execution therefor against the property attached herein at the commencement of this suit."

Among the grounds for attachment on which the order of publication was made, was the allegation that the affiant "has good reason to believe, and does believe, that the defendant is not a resident of this state."

The judgment being by default, no bill of exceptions was preserved, and the cause went on error to the St. Louis court of appeals to be decided on the record proper. There the judgment on the circuit was affirmed.

1. The affidavit is unobjectionable in form and is indeed in exact compliance with the statute. Nonresidency is the first ground for attachment prescribed by the statute (Revised Statutes, 1889, section 521) and,

a subsequent section (526) declares that the affidavit of the affiant, among other things, shall state "that he has good reason to believe, and does believe, in. the existence of one or more of the causes, which, accord-. ing to the provisions of section 521 of this chapter, would entitle the plaintiff to sue by attachment."

II. The main question, however, which caused the transfer of this cause to this court is, whether the circuit court had *jurisdiction* to order publication to be made, *prior* to the attachment of the property ordered to be sold to satisfy the judgment. The object of the publication is to give a party who has not been served with process, or who does not appear, his day in court; to *complete* the jurisdiction which, notwithstanding the levy of the writ of attachment, would be *incomplete*. As this is the object of publication, it is immaterial which has priority of date, the levy of the writ of attachment or the publication announcing the fact of the levy. *Harris v. Grodner*, 42 Mo. 159; *Moore v. Stanley*, 51 Mo. 317.

When the proper petition, affidavit and bond for an attachment are filed with the court or officer, jurisdiction at once arises to issue a summons or publication to the defendant and a writ for the attachment of his property. Waples on Attach. and Garn., p. 301. "Any movement by a court is an exercise of jurisdiction. In attachment proceedings, the issue of the writ of attachment is such a movement." Drake on Attach. [7 Ed.], sec. 86.

But though the writ be issued and the summons or order of publication, yet if either the notification be not served or the writ of attachment be not levied, in either event, the jurisdiction is not *complete*, and consequently any adjudication on the given subject-matter, any final determination of the rights of the unnotified

defendant, would be necessarily void. Waples on Attachment and Garnishment, pp. 313, 321.

In the case of *Durossett's Adm'r v. Hale*, 38 Mo. 346, the statute then in existence (R. S. 1855, p. 246, sec. 23), required that the defendant be notified "that his property *had been attached*" but the order of publication contained no such words, nor what was held in *Harris v. Grodner, supra*, as equivalent words "that his property was about to be attached." Under the present statute (section 2022, R. S. 1889), when property is attached, the order of publication need not make the direct statement required as aforesaid, by the statute of 1855.

But the ruling in *Durossett's case* does not necessarily militate against the view already expressed that the levy of the writ of attachment need not *precede* the issuance of the order of publication, since *jurisdiction for the mere* purpose of issuing the order of publication and the writ of attachment was acquired by filing the petition, affidavit and bond in the proper office.

In *Freeman v. Thompson*, 53 Mo. 183, the order of publication was in strict conformity to the statute, and what was there said *arguendo* and in general terms, is to be taken in connection with the facts of that case, and the contention of counsel; there is certainly nothing in that case giving countenance to the idea that the writ of attachment must be levied *before* jurisdiction would exist to order publication to be made.

III. In this case the levy on the shares of stock was authorized and was *prima facie* sufficient under the statute.

Section 540, Revised Statutes, 1889, provides that "shares of stock in any bank, association, joint stock company or corporation, belonging to any defendant in any writ of attachment, may be *attached* in the same

manner as the same may be levied upon under *execution*."

Section 4925 of the statute relating to executions, provides that an execution may be levied on shares of stock in any bank, etc., etc., by the officer through means of information obtained from the *certificate of the secretary, etc.* (section 4924), *"or in any other manner,"* and the means of levying the execution is set forth, means which were strictly followed in this case. The fact that the shares stood in the name of another, constitutes no obstacle to such levy. This is settled by the ruling in *Foster v. Potter*, 37 Mo. 525, where it was held that the equity of a debtor in shares of stock may be levied on under execution, though such shares stood on the books of the corporation in the name of another.

At that time, however, as the law then stood (R. S. 1855, p. 244, section 19), shares of stock could not be levied on under *attachment* process, but the law was changed in 1860. Laws of that year, p. 3, sec. 1; Gen. Stat. 564, sec. 20; R. S. 1879, sec. 417; R. S. 1889, sec. 540, *supra*.

And the statement in the sheriff's return that he had levied and seized on "all the right, title, claim and interest" of defendant in the shares, did not invalidate the levy; at least as far as we can see it did not, no evidence taken at the trial having been preserved, and, besides, the court below having rendered judgment for the sale of the property thus attached, it will be presumed, in the absence of countervailing circumstances, that such judgment was rendered on proper evidence.

IV. No error occurred in the amount of judgment rendered, so far as disclosed by the record; and the original amount due, the credit given and accumulated interest seem to leave no doubt of the correctness of the computation, sanctioned by the judgment.

The State ex rel. v. Noonan.

There are other points raised, but as the foregoing are sufficient for the disposition of this case, we do not notice them, but, without saying more, affirm the judgment.    All concur.