# C. L. KEATON v. ALBERT A. JORNDT et al., Appellants.

### Division Two, May 18, 1909.*

1. **NON-RESIDENTS: Publication: Sufficiency.** The words of the statute (Sec. 2022, R. S. 1889) in reference to the giving of notice by publication to non-resident defendants, namely, "and cannot be served in this State in the manner prescribed in this chapter," have reference to "a corporation, of another State, kingdom or country," and not to natural persons who are non-residents of the State. Nor is it necessary where the defendants are natural persons that the affidavit or allegation, in addition to the words, "that defendants are non-residents of the State of Missouri and that the ordinary process of law cannot be served upon them," should also include the words "in this State" at the end thereof.

2. ———: ———: ———: **Wrong Given Name.** . Where the title is in Mary A. Lemen and Hattie E. Stone, their true names, a publication to Mollie H. Lemen and Birdie E. Stone is not sufficient notice, and a tax judgment and sale in pursuance thereof, and a sheriff's deed in which they are named as Mollie H. Lemen and Birdie E. Stone, do not convey the title of said Mary A. or Hattie E.

3. ———: ———: ———: **Middle Name.** Where the title, as shown by the will, is in Katie Antoinette Viger, a publication to Katie A. Viger is sufficient. The middle name is, in law, no part of her name.

4. ———: ———: ———: **Widow Designated As Heir.** The designation of Carrie E. Thurber in the tax-bill as "widow of Nathan T. Thurber," and in the caption of the petition and in the affidavit as one of the "heirs at law of Nathan T. Thurber," does not invalidate the proceedings against her. The judgment for taxes is against her, and the deed describing her as an "heir of Nathan T. Thurber," conveyed whatever interest she had in the land.

5. **JUDGMENT AS ENTIRETY: Valid as to Some; Invalid as to Others.** A judgment in a tax suit may be void and erroneous as to some of the defendants, and regular and valid as to others. And a sale in pursuance thereof conveys the title of those as to whom it is valid, and does not convey the title or interests of those as to whom it is invalid.

---

*Note.—Decided March 9, 1909. Motion for rehearing filed; motion sustained, and original opinion modified May 18, 1909.

6. **TAX SUIT: Not Assessed Against True Owners.** If the tax suit is against the true owners, it does not matter whether the land was assessed against them or not.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED (*with directions*).

*Wammack & Welborn* for appellants.

(1) The affidavit on which the judgment, under which the land was sold for taxes was based, was sufficient. Allen v. Ray, 96 Mo. 542; Combs v. Crabtree, 105 Mo. 292; Harbert v. Durden, 116 Mo. App. 514; Paddock v. Paddock, 91 S. W. 398. (2) The amendment made in 1889 to what is now Sec. 575, R. S. 1899, should not be held to mean that, in instituting a suit against a non-resident individual by publication, the plaintiff, or some one for him, must allege, in addition to the allegation that such a defendant is a non-resident of the State, the further allegation that he "cannot be served in this State in a manner prescribed in this statute." Allen v. Ray, supra; Harbert v. Durden, supra; Paddock v. Paddock, supra; Tufts v. Volkening, 122 Mo. 631; Evarts v. Lumber & Mining Co., 193 Mo. 433. (a) In construing a statute, qualifying words and phrases must be confined to the next antecedent, unless the intent of the Legislature appears to have been contrary. 26 Eng. and Am. Ency. Law (2 Ed.), 126. (b) The intent of the Legislature is the primary object in construing all statutes. State ex rel. v. Hostetter, 137 Mo. 649; Grimes v. Reynolds, 94 Mo. App. 584; 24 Eng. and Am. Ency. Law (2 Ed.), 613. (3) The defendants in the tax suit were named with sufficient accuracy. Cruzen v. Stephens, 123 Mo. 337. (4) The fact, if it be a fact, that the land was not sold at the sheriff's sale in the smallest legal subdivisions, is a mere irregularity and cannot defeat the

sheriff's deed in this collateral proceeding. Wellshear v. Kelly, 69 Mo. 355; Lewis v. Whitten, 112 Mo. 318. (5) The only thing that can be litigated in this action is the question of the merits of the title of respondent and appellants, respectively. And if appellants have shown a superior title to the title which respondent has shown, they are entitled to judgment in their favor. Graton v. Land & Lumber Co., 189 Mo. 333; Gage v. Cantwell, 191 Mo. 707. (6) A sale of land, under execution, against a person, conveys all the estate which such person has in such land, together with all the incidents thereof. Consequently, the sale of this land against Carrie E. Thurber disposed of all her right and estate therein and cut off her power of disposition, so that the deeds thereafter made by her conveyed no title. Respondent claims title to the premises in controversy through such deeds alone. He, therefore, has no title whatever to these lands. 16 Cyc. 639c. (7) The Thurbers and respondent, claiming under them, are estopped from asserting title to this land. Cadematori v. Gauger, 160 Mo. 352; 16 Cyc. 788.

*James E. Reese* with *Keaton & Keaton* for respondent.

(1) The burden is on the party asserting the validity of the tax sale to show that all the necessary steps of a good and valid sale were taken. Morton v. Reeds, 6 Mo. 64; Yankee v. Thompson, 51 Mo. 234; Hopkins v. Scott, 86 Mo. 144; Guffey v. O'Reilley, 88 Mo. 418; Sullivan v. Donnell, 90 Mo. 276; Gregg v. Jesburg, 113 Mo. 34; Atkerson v. Improvement Co., 125 Mo. 573; Davis v. Evans, 174 Mo. 315; Cooley on Taxation (3 Ed.), p. 955; Blevins v. Smith, 104 Mo. 516; Kries v. L. & L. Co., 121 Mo. App. 190. (2) The petition in the tax suit utterly fails to show any assessment of the land against the owner or any particular person. Nathan T. Thurber was the record owner of the land at

the time the assessments were made in 1893-4-5. His warranty deed is dated May 4, 1888, recorded June 5, 1888, book 7, page 495. The tax books show that this land was assessed to Henry H. Bedford, who sold it to Nathan T. Thurber, as above stated—and said Henry H. Bedford, who was assessed was not the owner at the time of assessment. "The assessment is the basis of the tax. Therefore, if the assessment is void it necessarily follows that the tax is likewise void." R. S. 1889, secs. 7553, 7555, 7556, 7557, 7559, 7606, 7679. "The sufficiency of the petition to charge defendants with the taxes must be measured by the statutes." State ex rel. v. Thompson, 149 Mo. 444; Stuart v. Ramsey, 196 Mo. 404; City of Hannibal ex rel. v. Bowman, 98 Mo. App. 108; Charter Oak L. & L. Co. v. Bippus, 200 Mo. 707. The petition simply says that "the assessment for said years were by the proper officers and as required by law." But this is a mere legal conclusion of the pleader, not a statement of any fact and not permissible in code pleading. R. S. 1889, sec. 2038; Kerr v. Simmons, 82 Mo. 275; Gerhart v. Peck, 42 Mo. App. 650. The land was not assessed to Mollie H. Lemen, Katie A. Vigar and Birdie E. Stone or Carrie E. Thurber, wife of Nathan T. Thurber, deceased, nor the heirs of Nathan T. Thurber; Mary A. Leman, Katie Antoinette Viger and Hattie E. Stone, the daugter of Nathan T. Thurber, who was the owner of the land and living at the time, 1893-4-5, died March 19, 1896. None of them were owners. R. S. 1889, secs. 4465, 4513, 4525; Blevins v. Smith, 104 Mo. 593; Bartlett v. Tinsley, 175 Mo. 322; Keeney v. McVoy, 206 Mo. 53. The proceedings in the tax suit were wholly *ex parte*. There was no service of process, no appearance of the defendants, no answer, and assuming that defendants were duly served with process by publication, which is not true, the jurisdiction of the court in the tax suit is measured alone by the statements in the petition, and any judgment outside of the allegations in the

petition would be and was absolutely void. Schneider
v. Patton, 175 Mo. 722; Roden v. Helm, 192 Mo. 93;
Burke v. Pence, 206 Mo. 335; Black v. Early, 106 S. W.
1023; Charles v. White, 112 S. W. 545. The petition
does not set out the relation of the parties as stated
in the taxbill. "The petition is perfectly silent on
that question." Davis v. Montgomery, 205 Mo. 282.
(3) The court did not err in holding the affidavit for
the order of publication and the publication thereof
in the newspaper void and insufficient, for the reason
that the said affidavit and publication were wholly in-
sufficient and did not comply with the requirements of
the statute at the time. R. S. 188., sec. 2022. The
publication starts out against non-residents and con-
cludes against residents who "cannot be served with
the ordinary process of law in the county in which
the suit was brought," instead of, "cannot be served
with process anywhere or in any county or city in this
State," as provided in chap. 33, R. S. 1889. Kelly v.
Murdaugh, 184 Mo. 380. (4) The process—order of
publication—in the tax suit is absolutely void for the
reason that it did not correctly name any owner of
the land or any one in privity with the owner or own-
ers. The land had never been assessed to any one
named in the tax petition. The statute requires the
land to be assessed against the owner, and the owner
must make default before the suit can be maintained
against him. Blevins v. Smith, 104 Mo. 589; Blackwell
on Tax Titles (5 Ed.), sec. 954; Charter Oak L. & L.
Co. v. Bippus, 200 Mo. 688. The designation of parties
as owners in the tax bill or in the caption of the peti-
tion constitutes no allegation in the petition, and if
the judgment goes beyond the allegations actually
made in the petition in the tax suit it is void. Charles
v. White, supra. Even if Carrie E. Thurber were the
widow and devisee of Nathan T. Thurber or Mary A.
Leman and Katie Antoinette Viger and Hattie E.
Stone were the children and only heirs at law of Na-

than T. Thurber, deceased, and he was the owner in his lifetime, of the land, which he was; there was no such allegation in the petition in the tax suit, and there is no allegation that his daughters inherited the property by decent and distribution. There is no allegation or even hint in the tax decision that their interest as such was to be subjected to the payment of these taxes. Grady v. McKorkle, 57 Mo. 175; Hartman v. Hornsby, 142 Mo. 375. Judgment is void as to such interest. Charles v. White, *supra;* Davis v. Montgomery, 205 Mo. 282. But none of the daughters of Nathan T. Thurber were sued and the court did not get jurisdiction of their persons at all. In the tax suit they sued Mollie H. Lemen, instead of Mary A. Leman, Mollie H. instead of Mary A.; Lemen instead of Leman; Katie A. Vigar (as in garfish) instead of Katie Antoinette Viger; and Birdie E. Stone instead of Hattie E. Stone; not a single one correctly named in the publication, and "the substituted service of process (by publication) is void and valueless as if a blank had been left where the wrong name is inserted." The middle name of "Antoinette" Viger becomes important and controlling in the name of Katie Antoinette Viger, as it nowhere appears in the petition in any statement or allegation in the tax suit whether Carrie E. Thurber is the mother, sister, wife or daughter of Nathan T. Thurber, nor whether Mollie H. Leman, Katie A. Vigar and Birdie E. Stone are his aunts, sisters, daughters, daughters-in-law, granddaughters, whether ascending or descending heirs. Howard v. Brown, 197 Mo. 36; Campbell v. Johnson, 65 Mo. 439; Powell v. Greenstreet, 95 Mo. 13; Troyer v. Wood, 96 Mo. 478; Evarts v. Lumber & Mining Co., 193 Mo. 449; Burge v. Burge, 94 Mo. App. 26; Young v. Downey, 150 Mo. 328. Neither the petition nor the judgment in the tax suit alleges that Nathan T. Thurber was ever the owner of the land, nor that it was assessed to him, nor that he had made default in the

payment of the taxes, nor that it had been assessed to any one mentioned in the proceedings as owners, who had made default, nor "made any mention of the subject of dower, nor was it at all litigated or drawn in question." Nor was any fact even remotely hinted in the petition that her dower interest that she holds under the statute that exempts her rights from the prejudicial acts of the husband and the judicial proceedings of creditors and others. Grady v. McKorkle, 57 Mo. 175; Davis v. Green, 102 Mo. 181; Long v. K. C. Stock Yards Co., 107 Mo. 304; Bartlett v. Tinsley, 175 Mo. 322; Keeney v. McVoy, 206 Mo. 64; Blevins v. Smith, 104 Mo. 593. Nor was there any allegation in the petition or proceedings tending to reach any estate of Carrie E. Thurber, or her daughters, and much less the misnamed persons sued in the tax suit as devisees under the will of Nathan T. Thurber, deceased, hence, such estate was not reached by the tax suit and judgment. Hartman v. Hornsby, 142 Mo. 375; Cobe v. Levan, 193 Mo. 253; Freeman on Judgments, sec. 156.

BURGESS, J.—Action under section 650, Revised Statutes 1899, to quiet title to lands in Stoddard county, Missouri, and described as the northeast quarter, and the east half of the southeast quarter, and the east half of the northwest quarter, and the east half of the southwest quarter of the southeast quarter of section 4, in township 23, range 12 east.

Plaintiff claims title to all the lands described. Defendants F. A. Brannock, James B. Buck and Walter W. Walker claim title to the northeast quarter; defendants F. A. Brannock and M. W. Brannock claim title to the east half of the southeast quarter, and defendant Jorndt, to an undivided one-half interest in the east half of the northwest quarter and the east half of the southwest quarter of the southeast quarter of said section of land.

Nathan T. Thurber was the common source of title. He died some time prior to April 21, 1896, leaving a will dated March 14, 1896, which will was probated April 21, 1896, and recorded in Stoddard county on the 3rd day of January, 1903. By this will Nathan T. Thurber bequeathed $1,500 to Katie Antoinette Viger and Austin H. Lemen, in trust for three of testator's grandchildren. The will further provided:

"Second. After the payment of the foregoing bequest, I give, devise and bequeath all the remainder and residue of my property, both real and personal of every kind and nature, and wherever situated, to my wife, Carrie E. Thurber, for the term of her natural life, with full power to sell and dispose of the same for her support, maintenance and for any other purpose whatever, as she shall see fit, it being my intention that she shall have the same rights to use, dispose of and convey said property as though the same were bequeathed to her forever.

"Third. After the death of my said wife, Carrie E. Thurber, I give, devise and bequeath all the residue and remainder of my property, both real and personal, not disposed of by my said wife during her lifetime, to my three daughters, Hattie E. Stone, Katie Antoinette Viger and Mary A. Lemen, in equal shares, and to their heirs and assigns forever.

"I hereby nominate and appoint Carrie E. Thurber, Austin H. Lemen and William B. Stone, executors of this will, and request that they be not required to give bond. I hereby authorize and empower my said executors to sell, convey and dispose of my property in such manner as the best interest of my estate may in their opinion require, hereby authorizing them to execute and deliver any and all conveyances or instruments of any kind necessary and proper in the management of said estate and to deal with said property in all respects as though the same were their own individual property."

Plaintiff obtained his title by a special warranty deed from Samuel F. Campbell, who obtained his title by two deeds. The first of these was a quitclaim deed, dated March 27, 1902, and filed for record January 3, 1903, from Carrie E. Thurber, Permelia L. Stone and Harry L. Stone, purporting to convey an undivided one-half interest in said section 4, and other lands, in all about 1,120 acres, for a consideration of $200. This deed was witnessed by J. W. Bailey and Hattie E. Stone. The second of these deeds was a quitclaim deed from Carrie E. Thurber, witnessed by J. W. Bailey and Hattie E. Stone, purporting to convey an undivided one-half interest in said section 4, and four hundred and eighty acres of other land, for a consideration of $500.

Defendants claim title under a sheriff's deed to the land in controversy, and by mesne conveyances from the purchasers at the sheriff's sale to the defendants. The sale for taxes was had on the 9th day of March, 1898, and the sheriff's deed offered in evidence recites that the judgment was rendered on the 23rd day of November, 1897, for taxes in the sum of $21.19 for the years 1894 and 1895, and $30.05 costs, and that the land was stricken off and sold for the sum of eighty dollars.

The plaintiff objected to the introduction of said sheriff's deed in evidence on the ground that the tax proceedings upon which it was based were void and subject to collateral attack, and that the court had no jurisdiction of the persons of the owners of the real estate therein sought to be conveyed, nor of the subject-matter—the real estate in controversy. Said tax suit was instituted by publication, and the plaintiff objected that the affidavit upon which the order of publication was based was insufficient, that the defendants in the suit were not correctly named, and that the sheriff's deed showed upon its face that the land was not sold in the smallest legal subdivsion.

Throughout the tax proceedings the defendants therein are named as Carrie E. Thurber, Mollie H. Lemen and Austin H. Lemen, her husband, Katie A. Vigar and Edward R. Vigar, her husband, Birdie E. Stone and Harry L. Stone, her husband, heirs at law of Nathan T. Thurber, deceased. Attached to the petition in the tax proceedings, and made part thereof, was an affidavit by the collector of the county which stated, among other things, that the "above-named defendants are non-residents of the State of Missouri, and the ordinary process of law cannot therefore be served upon them." In the petition in said tax proceedings, Carrie E. Thurber is designated as one of the "heirs at law of Nathan T. Thurber, deceased," while in the taxbill, attached to the petition and made part thereof, she is designated as "widow of Nathan T. Thurber, deceased."

Defendants pleaded and proved that they, and those under whom they claimed, had paid the taxes levied and assessed against said land since the year 1894, and that plaintiff had not offered in his petition to refund to them such payments in the event he should be successful in this suit.

The court found the issues in favor of plaintiff, and that the sheriff's deed under which defendants claim was void and conveyed no title in and to the premises for the reason that the court in said tax proceeding did not obtain jurisdiction, and its judgment was void and subject to collateral attack. The court further found that the title to the premises in controversy is in plaintiff, and decreed that the same be determined and vested in him.

After unavailing motions for a new trial and in arrest of judgment, the defendants appealed to this court.

One of the questions for solution in this case is whether, under the amendment of 1889 to section 3494, Revised Statutes 1879, and embodied in section 2022,

Revised Statutes 1889, the simple allegation of non-residence in the verified petition in the tax suit gave the court jurisdiction of the defendants therein for the purpose of ordering the publication by the clerk against them. The plaintiff contends, and the court found, that actual personal service upon said defendants was necessary to confer such jurisdiction upon the court, while defendants insist that the notice by publication was all-sufficient.

The allegation of non-residence in the tax suit named was as follows:

"A. L. Harty, the above-named collector of Stoddard county, Missouri, being duly sworn upon his oath states that Carrie E. Thurber, Mollie H. Lemen, Austin H. Lemen, Katie A. Vigar, Edward R. Vigar, Birdie E. Stone and Harry L. Stone, heirs at law of Nathan T. Thurber, deceased, the above-named defendants, are non-residents of the State of Missouri, and that the ordinary process of the law cannot be served upon them."

It was contended by plaintiff, and so ruled by the trial court, that, since the tax suit was brought after the amendment of 1889 to the statute providing for service by publication (Sec. 575 R. S. 1899), this allegation of non-residence was insufficient to warrant the clerk in issuing the order of publication, but that, in addition to reciting that the "defendants are non-residents of the State of Missouri, and that the ordinary process of law cannot be served upon them," the allegation should have included the words "in this State," or should have recited, in the language of the statute, that the defendants "cannot be served in this State in the manner prescribed in this chapter," and that since the affidavit of non-residence did not contain this allegation, the judgment in the tax suit was void.

Prior to 1889 the statute read as follows: "If the plaintiff, or other person for him, shall allege in his

petition, or file an affidavit, stating that part or all of the defendants are non-residents of the State, or have absconded or absented themselves from their usual place of abode in this State, or that they have concealed themselves so that the ordinary process of law cannot be served upon them, the court," etc.

In 1889 the section was amended by inserting the parts italicized below, so that, as amended, the statute (Sec. 575, R. S. 1899), now reads: "If the plaintiff, or other person for him, shall allege in his petition, or *at the time of filing same, or at any time thereafter, shall* file an affidavit, stating that part or all of the defendants are non-residents of the State, *or is a corporation of another State, kingdom or country, and cannot be served in this State in the manner prescribed in this chapter,* or have absconded or absented themselves from their usual place of abode in this State, or that they have concealed themselves so that the ordinary process of law cannot be served upon them, the court," etc.

As the statute stood before the amendment, there can be no question that the allegation in the petition, that the defendants "are non-residents of the State of Missouri, " etc., was sufficient to confer jurisdiction on the clerk to issue the order of publication. [Coombs v. Crabtree, 105 Mo. 292.] But it is argued by plaintiff that the amendatory words, "and cannot be served in this State in the manner prescribed in this chapter," apply to non-resident individuals as well as to "a corporation of another State, kingdom or country."

The question which confronts us, then, is, what was the intention of the lawmakers in making this amendment? The object of the amendment was certainly not to make it more difficult to acquire service upon or jurisdiction over a non-resident defendant than before the act was amended, or in a different way.

Before the act was amended, in order that the court might acquire jurisdiction of a non-resident personal defendant in the class of cases mentioned in section 575, supra, it was only necessary for the plaintiff, or other person for him, to allege in his petition, or file an affidavit, stating that part or all of the defendants were non-residents of the State. Upon this being done, the court in which the suit was brought, or in vacation the clerk thereof, was required to make an order directed to the non-resident defendants, notifying them of the commencement of the suit, and stating briefly the object and general nature of the petition, etc. But, if plaintiff's position be correct, the plaintiff in the case, or whosoever verifies the petition or makes the affidavit of non-residence of the defendant or defendants, under the statute as it now is, must also state under oath that such non-resident defendants "cannot be served in this State"—that is, with personal process. This, it seems to us, would require of the plaintiff the doing of an unnecessary thing, and one which the Legislature did not intend. If the court, upon the filing of an affidavit of non-residence and the issuance of an order of publication, could acquire jurisdiction of a non-resident personal defendant, as it did prior to said amendment of 1889, it was but idle ceremony, and added no force or effect to the process, to require the plaintiff to allege in his petition, or make affidavit, that the defendant non-resident could not be served with process in this State. As applied to non-resident individuals, the amendment was wholly unnecessary, but as applied to a non-resident corporation, the amendment serves a useful purpose. Foreign corporations doing business in this State usually do so under licenses issued by the State, and have agents in the State to represent them, and upon whom ser-

vice of process may be had in the manner prescribed in section 570, chapter 8, Revised Statutes 1899; and the fact that the Legislature had in mind only foreign corporations which did no business in this State, and had no office or agent therein, is clearly indicated by the language used—"and cannot be served in this State in the manner prescribed in this chapter." Such service is not the "ordinary process of law."

A similar question was before the St. Louis Court of Appeals in Hedrix v. Hedrix, 103 Mo. App. 40. Personal service was had out of the State, under section 582, Revised Statutes 1899, and the affidavit upon which such process was issued, under section 575, after stating that the defendant was a non-resident so that the ordinary process of law could not be served upon him, omitted the words "in this State." It was held that the process was void, and conferred no jurisdiction over the defendant. That case, however, was subsequently overruled by the same court in the case of Harbert v. Durden, 116 Mo. App. 512, in which it is said: "In support of the point that it was necessary for the verified petition, or the affidavit to it, to state that the ordinary process of law could not be served on the defendants in this State, we are cited to the case of Hedrix v. Hedrix, 103 Mo. App. 40. We consider that decision an erroneous construction of the statute, as to the point in hand, and overrule it."

Paddock v. Paddock, 91 S. W. 398, was a suit for divorce in which personal service was had upon the defendant beyond the border of the State, as authorized by section 582, supra, on the plaintiff's affidavit that the defendant was not a resident of this State, but a resident of Linn county, Kansas. Held, that the service was not void because the affidavit did not further state that ordinary process of law could not be served upon the defendant "in this State." It is apparent that the case last cited is in conflict with the Hedrix case, and such seems to have been the opinion

of the Kansas City Court of Appeals, as said court certified the case to the Supreme Court upon that ground.

Tufts v. Volkening, 122 Mo. 631, was a suit by attachment upon the ground that the defendant was a non-resident of this State. The affidavit for the attachment alleged that the plaintiff had good reason to believe, and did believe, that the defendant was not a resident of this State. On this affidavit an order of publication for an attachment was based. Said suit was begun in 1892, while the amendment under consideration was made in 1889. The point was made in that case that the court had not jurisdiction of either the subject-matter of the controversy or the defendant, but both the trial court and the Supreme Court held adversely to such contention.

The words of the statute, "and cannot be served in this State in the manner prescribed in this chapter," must be taken as having reference to "a corporation of another State, kingdom or country," and not to natural persons who are non-residents of this State. Our conclusion is that the court had jurisdiction of the case, and of at least some of the parties defendants in said tax suit.

As has been said, the taxes on the land in controversy were for the years 1894 and 1895, but were not alleged in the petition to have been assessed to any particular person or persons. On June 21, 1897, the collector of Stoddard county and his attorney brought suit to enforce the State's lien on the land against Carrie E. Thurber, widow of Nathan T. Thurber, deceased; Mollie H. Lemen and Austin H. Lemen, her husband; Katie A. Viger and Edward R. Viger, her husband; Birdie E. Stone and Harry L. Stone, her husband, heirs at law of Nathan T. Thurber, deceased. The petition and taxbill describe the parties sued as above, and so did the order of publication and the affidavit for the order of publication. By referring

to the provisions of the will hereinbefore recited, it will be seen that some of the heirs named therein were incorrectly named in the tax proceedings. Mary A. Lemen is misnamed *Mollie H.* Lemen; Hattie E. Stone is misnamed *Birdie E.* Stone; Katie Antoinette Viger is named Katie A. Vigar, and Carrie E. Thurber is designated in the caption of the petition as an heir of Nathan T. Thurber, while in the taxbill she is designated as the widow of Nathan T. Thurber. The same error occurs in the sheriff's deed. [Spore v. Land Co., 186 Mo. 656, and authorities cited.]

## ON MOTION FOR REHEARING.

The original opinion in this case, by which the judgment was affirmed, was filed March 9, 1909.

Defendants now present their motion for a rehearing, and modification of the judgment, in which the point is made that error was committed by the court in holding that the trial court properly construed the sheriff's deed void as to all the parties defendant in the tax suit, when the court in the tax proceedings had acquired jurisdiction of some of the parties defendant, and that the deed as to them was and is valid.

Upon reconsideration of this question, we are of the opinion that the point is well taken. As to Mary A. Lemen, misnamed Mollie H. Lemen in the tax proceedings and the deed, and Hattie E. Stone, miscalled Birdie E. Stone, the tax proceedings and deed are void, and the court had no jurisdiction over them, they not having been made parties to the tax suit. As to Mrs. Carrie E. Thurber, we did not intend to hold that the fact that she is designated in the caption of the petition as an heir of Nathan T. Thurber, and in the taxbill as the widow of Nathan T. Thurber, in any way invalidated or affected the proceedings against her or her interest; and whatever interest she

may have had in the land, whether as heir, widow or owner, it was liable for the taxes against it. Nor do we think that the fact that Katie Antoinette Viger is named Katie A. Vigar renders the deed void or in any way invalidates it as against her, as it is well settled that the middle name of a person is no part of his name. Thus, in Corrigan v. Schmidt, 126 Mo. 304, it is ruled that the omission of the initial letter of the defendant's middle name in a suit against him does not constitute a misnomer. [Turner v. Gregory, 151 Mo. 100.]

No principle of law is better settled than that a judgment may be void or erroneous as to some of the parties defendant, and regular and valid as to others. In Stevenson v. Black, 168 Mo. l. c. 558, it is said: "Appellants insist that the judgment is wholly void, for the reason that, although it recites that all the defendants were notified of the pendency of the suit by publication, yet the record shows that the order of publication was addressed only to Mrs. Georgeson and her husband, and that summons was ordered for the Blacks, and there is no return of that summons shown. Respondent concedes that the judgment is void in so far as it purports to affect the interests of the defendants Mary E. and Columbus Black, for the reason above stated, but maintains that it is valid as affecting the title of Mrs. Georgeson who was the real owner, and her husband, the order of publication as to them being entirely regular and duly executed. The contention of the appellants is that the judgment is an entirety, and being void as to some of the defendants is void as to all. The law on that point, however, has been decided by this court contrary to the contention. [Williams v. Hudson, 93 Mo. 524; Boyd v. Ellis, 107 Mo. 394.] In both the cases just cited the judgments in question were for delinquent taxes, as this is, and it was held that though the judgment was void as to one or more defendants, who were not served with

process, it was valid as to those who were served, and the sale under execution carried their title. In discussing the case last cited the learned counsel for appellants ask if this court intends to say that, in such case, if the land is owned by four persons, two of whom are served with process and the other two not served, the decree as against all four will carry all the title under the execution sale and sheriff's deed? These decisions announce no such result. In the hypothesis propounded the interests of the two defendants served with process would be affected, but not those of the two not served. If, therefore, Mrs. Black or Columbus Black had any title to the land in question, it was not affected by the judgment or sheriff's sale. But whatever right Mrs. Georgeson, before the sheriff's sale, might have asserted against the Blacks, the purchaser at that sale could assert against them. If before the sheriff's sale the Blacks had such a right of possession as could have been maintained against Mrs. Georgeson, they had the same right against the purchaser at that sale. This plaintiff holds now the title that Mrs. Georgeson held then, neither more nor less, and Mrs. Black's interest, if any she had, was not impaired by that sale.''

Nor does it make any difference in this case that the land may not have been assessed to the true owners (Stevenson v. Black, supra), as the tax suit was against them, and proper under the statute.

Our conclusion is that the motion should be sustained and the judgment modified. The judgment of the circuit court, so far as it affects the title to the interests acquired by the purchase of the interests and estates of Carrie E. Thurber and Katie A. Viger, is reversed, with directions to the circuit court to enter up a judgment for defendants vesting in them the title to the interests and shares of said Carrie E. Thurber and Katie A. Viger in said lands acquired by them by virtue of said sheriff's deed under said tax judg-

ment, and to enter a further decree in favor of plaintiff for whatever interest he may have acquired by deeds of conveyance in the shares or interests of Mary A. Lemen and Hattie E. Stone. As to what said several interests in said lands are was not determined by the circuit court, and we are not sufficiently advised to determine the same, and hence express no opinion at this time.

All concur.