Harbert v. Durden.

HARBERT, Respondent, v. DURDEN et al., Appellants.

St. Louis Court of Appeals, February 13, 1906.

1. **PROCESS: Publication: Affidavit.** A verified petition, or affidavit to a petition, stating that the defendant is a non-resident so that ordinary process of law cannot be served upon him, is sufficient to support service by publication, although the words "in this State" are not used. (Overruling Hedrix v. Hedrix, 103 Mo. App. 40.)

2. ———: ———: **Affidavit of Publisher: Impeaching Judgment.** On the trial of a motion to quash an execution on the ground that the judgment upon which it was issued was void for want of jurisdiction over the defendant, where the judgment recited a finding that the defendant was duly notified by publication, the recital could not be impeached by the affidavit of the publisher filed in the case, showing insufficient publication, when it was proved that the publication was in fact sufficient and the publisher made a clerical mistake in filling out his affidavit.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Faris & Oliver* for appellants.

(1)   It was the duty of the trial court to quash the execution, if the judgment upon which the same was bottomed was void, for lack of jurisdiction.   A motion to quash was then the proper procedure.   1 Freeman on Executions (3 Ed.), sec. 73; Ex parte James, 59 Mo. 280; Newton v. Newton, 32 Mo. App. 162; Henring v. Williams, 65 Mo. 446.   (2)   The only way in which proof of publication of any notice required by law to be published can be made is by the affidavit of the publisher, or printer, with a copy of the advertisement annexed.   This is the way pointed out by the statute.   Sec. 4631, R. S. 1899.   And by almost universal authority it is held that when the statute prescribes the manner of making proof such method is exclusive.   Comfort v. Ballingal, 134 Mo. 281, 35 S. W. 609; Martin v. Allard, 17 S. W. 878; Blackwell on Tax Titles (2 Ed.), sec. 214; Lagroue v. Rains, 48 Mo. 538; Kellogg v. McLaughlin, 8 Ohio 114; Longborrow v. Parker, 16 Sug. & R. 351; Doe v. Sweetser, 2 Ind. 649; Martin v. Barbour, 140 U. S. 644; Wisner v. Chamberlin, 117 Ill. 568.   (3)   Neither the petition nor the affidavit upon which the order of publication was made, nor the order itself, set out that defendants could not be served in this State.   Such order was, it has been ruled, wholly insufficient, and the judgment rendered thereunder was wholly void and subject to be attacked collaterally.   Hedrix v. Hedrix, 103 Mo. App. 40, 77 S. W. 495.

*Brewer & Collins* for respondents.

GOODE, J.—This is an appeal from a judgment overruling a motion to quash an execution.  The execution was issued on a special judgment which had been

rendered against certain land in Pemiscot county. Those lands were attached in this action, which was brought to recover damages for the breach of covenants in a deed. The petition, which was duly verified, contained an allegation that the defendants were non-residents of the State so that the ordinary process of law could not be served on them. On this verified allegation an order of publication was directed to be published once a week for four consecutive weeks in a designated newspaper printed in Pemiscot county. The affidavit of the publisher of the paper, which was filed in proof of the publication, failed to show that the order had been published a sufficient time before the term of the court at which the judgment was rendered, to warrant a judgment at that term. This was the principal ground of the motion to quash. Another ground was that neither the petition nor the affidavit on which the order of publication was made, nor the order itself, set out that the defendants could not be served with process *in this State.* At the hearing of the motion, the proprietor of the newspaper in which the order of publication had been published, testified to facts proving that, in truth, the order had been published a sufficient length of time and number of times prior to the term of court to comply with the law. Copies of the various issues of the paper, showing the requisite number and dates of publication, were introduced in evidence. The proprietor testified that he had made a mistake in filling out his affidavit of proof. The motion to quash the execution was overruled and the defendants appealed. In support of the point that it was necessary for the verified petition, or the affidavit to it, to state that the ordinary process of law could not be served on the defendants in this State, we are cited to the case of Hedrix v. Hedrix, 103 Mo. App. 40, 77 S. W. 495. We consider that decision an erroneous construction of the statute, as to the point in hand, and overrule it.

The next proposition relied on by the defendants

is that it was incompetent to show by the testimony of the proprietor of the paper and copies of the paper, that the requisite publication of the order of publication was made. The argument is that this fact can be proved only by the affidavit of the printer of the paper, with the copies of the publication annexed, and filed in court prior to judgment. The section of the statute invoked says that "when any notice or other advertisement shall be required by law or the order of any court, to be published in any newspaper, or made in conformity with any deed of trust or power of attorney, the affidavit of the printer or publisher, with a copy of the advertisement annexed, stating the number and dates of the papers in which the same was published, shall be sufficient evidence of the publication." [R. S. 1899, sec. 4691.] It will be observed that the statute does not, either by words or implication, express the thought that no other proof than the kind it mentions is competent. The general rule of law is that when a statute designates the mode in which due publication of a notice shall be proved, this mode is the only one for making the proof. [Comfort v. Ballingal, 134 Mo. 281, 294, 35 S. W. 609; Martin v. Allard, 17 S. W. 878; Martin v. Barbour, 140 U. S. 644; Luffborough v. Parker, 16 Serg. & Rawles Rep. 351.] All the decisions we have found upholding that doctrine were based on statutes which appeared to exact a certain mode of proof; instead of merely saying, as the one under examination does, that a given mode shall be sufficient. In other cases, where the statute was similar to the one under consideration, evidence of the very kind admitted in this case was held competent. [Claybrook v. Wade, 47 Tenn. 555; Robinson v. Hall, 33 Ks. 139; Colton v. Rupert, 60 Mich 318.] Without deciding the point, we incline to the opinion that its proper determination depends largely on the wording of the statute construed. The proof introduced below showed, beyond all doubt, that the law had been complied with in publishing the order of publication, and

that the defendants had as complete notice of the pendency of the action as could be given by constructive service. The simple mistake made by the printer when inserting in his affidavit the dates on which the different publications of notice occurred, is all that the defendants rely on against the validity of the judgment. The most important circumstance bearing on the matter is overlooked. In the judgment rendered against the defendants, the court found as a fact that they had been duly notified by publication and had made default. Now all the cases on the subject, including those cited, hold that when such a recital occurs in a judgment, it will be presumed, prima facie, in an attack on the judgment, that the court acted on competent evidence in finding due notice had been given of the pendency of the action. [Raley v. Guinn, 76 Mo. 263; Comfort v. Ballingal, and Claybrook v. Wade, supra.] Irregularities of procedure occuring prior to a judgment will not support a motion to quash. [Horstmeyer v. Connors, 51 Mo. App. 394.] But it has been decided that such a motion, filed at a subsequent term and stating a ground going to the jurisdiction of the court, may be sustained by a return on the summons which failed to show service. [Brown v. Langlois, 70 Mo. 226.] This decision was based on the fact that a return on a writ of summons is part of the record. The motion to quash in the case at bar, is, in effect, an attempt to contradict and nullify the judgment recital of due publication of the order of publication, by the affidavit of the proprietor of the newspaper, which affidavit was ordered to be made a part of the record in the cause. We would go beyond the precedents, were we to hold that the judgment entry was impeachable, but that the affidavit was conclusive, and no evidence in aid of the judgment was admissible to show a clerical error occurred in making out the affidavit.

The order overruling the motion to quash is affirmed.