DAVIS v. MONTGOMERY et al., Appellants.

### Division One, June 29, 1907.

1. **LOST RECORD: Parol Evidence: Order of Publication: Tax Sale.** The contents of a lost or destroyed record may be established by parol evidence, in the same manner that the contents of other lost or destroyed documents are shown. Where the record of the order of publication and the certified copy delivered to the publisher were both lost or destroyed, it was proper for the court to admit in evidence the files of the newspaper containing the publication of the lost or destroyed order, where the editor swore the files contained a true and correct copy of the order delivered to him by the clerk for publication.

2. **TAX SALE: Petition: Unknown Heirs: No Description of Interest.** A failure to describe in the petition in the tax suit the interest of the unknown heirs, and how they derived title, is fatal to that suit, and the judgment rendered thereon is a

nullity. A simple allegation that "Robert C. Hayes at the time of his death was the owner of the above-described real estate and his heirs are now the owners thereof and they are unknown to plaintiff, for which reason their names cannot be inserted in this publication," is not sufficient, and does not bring them into court.

3. ———: Order of Publication: Unknown Heirs. An order of publication in the tax suit which fails to state that there "are persons interested in the subject-matter of the petition whose names he cannot insert therein because they are unknown to him," as the statute requires, is faulty.

4. ———: Void Judgment: Collateral Attack. A sale made under an execution based upon a void judgment may be attacked in a collateral proceeding, for instance, in a suit to quiet title.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Lawrence Fisher* for appellants; *C. H. Shubert* of counsel.

(1) The circuit court erred in permitting respondent, over the objection of appellants, to introduce the files of the newspaper, the Weekly Record, in this collateral suit, to falsify and impeach the record of the tax judgment recital, "Defendant having been duly notified by publication of the nature and institution of this suit." 1 Freeman on Judgments, sec. 131, p. 236; Rumfelt v. O'Brien, 57 Mo. 569; Dunham v. Wilfong, 69 Mo. 355; Sutton v. Cole, 155 Mo. 215; Atwood v. Atwood, 55 Mo. App. 370; Long v. Long, 141 Mo. 371; R. S. 1899, secs. 580, 581 and 3150; Bernecker v. Miller, 44 Mo. 102; Latrielle v. Dorleque, 35 Mo. 233; Kane v. McCown, 35 Mo. 181; Freeman v. Thompson, 53 Mo. 183; Foster v. Givens, 67 Fed. 684; 29 Am. and Eng. Ency. Law, 194; 27 Am. and Eng. Ency. Law, 826, 848; Cruzen v. Stephens, 123 Mo. 344. (2) Upon the face of the whole record in the case at bar as now before this court, the circuit court erred in finding for respondent. Same authorities as above, and: Jennings v. Dunham,

60 Mo. App. 255; Scott v. Nevada, 56 Mo. App. 189; Harper v. Morse, 114 Mo. 317; Bank v. Donnell, 195 Mo. 572; R. S. 1899, sec. 9303; State ex rel. v. Sack, 79 Mo. 661; Cowell v. Gray, 85 Mo. 169. (3) The words in the tax petition, "The unknown heirs of Robert C. Hayes," was a sufficient designation of all persons coming within that description or designation. Cruzen v. Stephens, 123 Mo. 344; Wall v. Land & Lumber Co., 175 Mo. 412. (4) The present action is clearly a collateral action, and is in no sense a direct attack on the tax judgment. 27 Am. and Eng. Ency. Law, 848. (5) If the judgment is not void as appears from the record, it is not subject to collateral attack. Meyers v. McRay, 114 Mo. 382.

*J. R. Brewer* for respondent.

(1) The contents of a lost record can be shown by parol evidence. Perry v. Walser, Admr., 57 Mo. 169; Foulk v. Colburn, 48 Mo. 225. (2) The allegations in the petition as to the unknown parties were insufficient to give the court jurisdiction in the case of State ex rel. Geo. W. Steele v. Unknown Heirs of Robert C. Hayes, for there was no attempt to describe in the petition the interest of the unknown parties further than to say "that Robert C. Hayes died the owner of said land, and his heirs are the owners thereof;" and there was no attempt to say what interest the defendants had, or that plaintiff was unable to state it for the reason that he did not know it. R. S. 1899, sec. 580; Land & Mining Co. v. Land & Cattle Co., 187 Mo. 420. (3) The order of publication is insufficient. Authorities, supra. (4) If the judgment is void, the sale can be attacked collaterally. Williams v. Monroe, 125 Mo. 585. (5) If the judgment is void, the purchaser at the tax sale acquired no title to the land in question. Harness v. Craven, 126 Mo. 233.

205 Sup—18

WOODSON, J.—The plaintiff instituted this suit in the circuit court of New Madrid county. The petition states that plaintiff was the owner of certain lands described in the petition, and that defendants claimed some interest therein under and by virtue of a certain tax deed, which plaintiff alleged was void for want of proper service on the defendants, and prayed that the title and interest of all parties in and to said land be ascertained and determined by the court, as provided for by section 650, Revised Statutes 1899.

The answer was a general denial and a plea of the thirty-year Statute of Limitations.

The replication was a general denial of the new matter set up in the answer.

At the trial it was admitted that New Madrid county was the common source of title. On April 3, 1861, said county, by patent duly executed, conveyed said land to Robert C. Hayes, who departed this life prior to the year 1889. All of Hayes's heirs, by quitclaim deeds, conveyed all their rights, title and interests in and to said land to the plaintiff. This was all the evidence introduced by plaintiff, in chief.

Defendants introduced in evidence a sheriff's deed, dated March 19, 1891, purporting to convey all the rights, title and interests of the unknown heirs of said Robert C. Hayes in and to the lands in controversy to Francis J. Peter. The defendants, on December 18, 1899, through mesne conveyances, acquired the title and interests of said Francis J. Peter.

W. O. Pool testified that he knew the defendants, and that they had been in possession of said land one whole year next before the filing of this suit, and that they had built a tram road over it and had taken timber off of same; that the road was constructed three years before the suit was instituted, and they had used it continuously ever since.

This was all of defendants' evidence.

In rebuttal, the plaintiff introduced the following evidence:

1st.    Petition and affidavit in case of State of Missouri at the relation of Geo. W. Steel, collector of the revenue of New Madrid County v. Unknown Heirs of Robert C. Hayes, for delinquent taxes on the land in controversy, filed June 17, 1890, upon which the sheriff's deed offered by appellants is based.

The allegations of petition and affidavit relative to the interests of the unknown parties, how derived, etc., which was assailed by plaintiff as being insufficient under section 580, Revised Statutes 1899, is as follows, and will be sufficient to get an understanding of the points in controversy:

"That one Robert C. Hayes was the owner at the time of his death of the above-described premises and real estate and his heirs are now the owners thereof and they are unknown to the plaintiff, for which reason their names cannot be inserted in this petition."

The rest of the petition was in the usual form and was not questioned by either side. The part given above is all that is in dispute.

2d.    The judgment based on said petition, recorded in tax judgment records of New Madrid county, in words and figures as follows (omitting certain other tracts not in controversy):

"New Madrid County Circuit Court, September Term, 1906.   Case No. 2049.

"Civil Action to Enforce Lien for Taxes.   Final Judgment.

"The State of Missouri, at the Relation and to the Use of George W. Steel, Collector of the Revenue of New Madrid County, in the State of Missouri, Plaintiff, vs. Unknown Heirs of Robert C. Hayes, Defendant.

"Now at this day comes the relator by his attorney, defendant having been duly notified by publica-

tion of the nature and institution of this suit and failing to answer plaintiff's petition:

"Wherefore, it is ordered by the court that the petition of the plaintiff against defendant be taken as confessed, and all and singular the matters contained in the petition are by the relator submitted to the court and the court after hearing the testimony doth find that the defendant is the owner of the real estate described in the petition, and the court doth further find that there are due and unpaid delinquent taxes, including interest thereon, on each tract of the following described real estate situated in New Madrid county, Missouri, for the years and amounts set opposite each tract, viz.:  . . .

"Number 4, parts of sections S. ½ Sw. ¼, Sec. 34, Twp. 24, R. 15, years for which tax due 1877 to 1888, both inclusive; tax, $9.31; interest, $7.16; total, $16.47.

"Wherefore it is ordered and adjudged and decreed by the court, that the plaintiff have and recover from this defendant special judgment for the said sum of fifty-seven dollars and fifty-six cents, so found due on the land as aforesaid with costs of suit and that this judgment shall draw ten per cent interest from rendition thereof, and further that there be levied and collected as other costs in this case four per cent commission for collection for Henry C. Riley, plaintiff's attorney, and attorney's fee of eight per cent of the judgment collected and that the aforesaid judgment and costs are a special lien and judgment against said tracts of land, respectively, as hereinbefore described, and that the plaintiff have an execution therefor."

3d.    Order of filing proof of publication in case of Collector vs. Unknown Heirs of Robert C. Hayes.

Objected to by counsel for defendants for the reason it does not disclose in what newspaper it was ordered published.

Objection overruled. Exception saved.

Which order is as follows (caption omitted):

"Now comes plaintiff and files proof of publication of notice to defendants of the institution and nature of this suit, which order was dated Sept. —, 1890."

4th. It was admitted that John A. Mott was circuit clerk of New Madrid county, from 1889 until 1900, and as such clerk he kept a book similar to one shown in court, which book had on the back of it "Orders of Publication."

Geo. M. Summers testified:

"I am deputy circuit clerk of this county. I have made a diligent search over the records of New Madrid County Circuit Court to find an order of publication made in the case of Geo. W. Steel, collector of revenue, vs. the Unknown Heirs of Robert C. Hayes, but do not find it. I found a book similar to the one handed me and marked 'Orders of Publication' on the back. I do not find any other besides it. In the book I have, the first order of publication is dated January 30, 1893. I don't know whether or not it contains any order of publication in tax suits for the year 1890. I looked through it, but did not find the one I was looking for. I don't remember seeing any in it made in 1890."

J. W. Jackson testified:

"I am circuit clerk of New Madrid county. I cannot find any book in my office containing any other publication prior to the year of 1890. I have made diligent search."

E. A. Wright testified:

"I was publishing the Weekly Record, in New Madrid county, Missouri, in the year 1890. I don't think the Chronicle was running that year. I published the order of publication in the tax suits for the September term of the circuit court for that year. I got them from Mr. Mott, then circuit clerk.

"Q. State whether or not you published an order of publication in the case of Geo. W. Steel, collector, vs. the Unknown Heirs of Robert C. Hayes, a certified copy of which was furnished you by the clerk of the circuit court of New Madrid county, Missouri.

"Objected to by counsel for defendants, because there is nothing on record to show that the publication was ever ordered published in his paper. Admitted by the court subject to the objections. To which ruling of the court, defendant then and there at the time duly excepted.

"A. The copy was furnished, and I published the order beginning with the issue of August 2, 1890. The copy furnished me was burned up in 1899. I have searched for it and can't find it. I have in my possession a copy of my paper containing the order of publication in the case of Geo. W. Steel, Collector, vs. the Unknown Heirs of Robert C. Hayes."

"Q. (Witness is handed a paper containing order of publication in said tax suit). State if that is the order you published?

"Objected to by counsel for defendant, for the reason that there is nothing on record to show that the publication was ever ordered to be published in his paper. Which objection was by the court overruled. To which ruling of the court defendant by counsel at the time excepted.

"A. Yes, sir.

"Q. State if you swore to that copy and delivered it to the clerk of the circuit court of New Madrid county for the September term, 1890?

"Objected to by defendants because there is nothing shown to prove that the order of publication is lost. Which objection was by the court overruled. To which ruling of the court defendant by counsel at the time duly excepted.

"A. From my memory, I believe I did. I got pay for it, I think.

"Q. State if that is a copy of the order delivered to you in the case of State ex rel. Geo. W. Steel, Collector, v. Unknown Heirs of Robert C. Hayes, for publication.

"Objected to by counsel for defendants, for the reason there is nothing shown to prove that the original order of publication is lost. Objection overruled. To which ruling defendant at the time excepted.

"A. Yes, sir. That was the only notice published in my paper in this case for the September term, 1890.

"Cross-examined:

"I don't know whether or not the Chronicle was running here at the time, but believe it was. I believe all the orders of publications in tax suits were delivered to me that year, of 1890."

Plaintiff offered in evidence "that copy," the material part of which is as follows:

"The State of Missouri, at the relation and to the use of George W. Steel, Collector of the Revenue of New Madrid county, Missouri, v. Unknown Heirs of Robert C. Hayes.

"In the Circuit Court of New Madrid County, to September Term, 1890.

"Now at this day comes the plaintiff in the above-entitled cause, by Henry C. Riley, before the undersigned clerk of the circuit court of New Madrid county, in vacation, and filed his petition and affidavit, stating among other things, that the above-named defendants, the heirs of Robert C. Hayes, are unknown to him."

(The remainder of the document is in usual form of Order of Publication, and is not necessary to the determination of the issues.)

To which the defendants by counsel objected, for the reason that there is nothing of record to show it was ordered published in that paper, and for the rea-

son that the tax judgment recitals cannot be set at naught by extrinsic evidence. Which objections were by the court overruled. To which ruling of the court defendants by counsel then and there at the time duly excepted.

This was all the evidence introduced. No declarations of law were asked or given. The court found the issues for the plaintiff, and rendered judgment in his favor, declaring the title to the land to be in him, and forever barring defendants and their heirs and assigns from asserting or claiming any interest or title in or to the same. In due time defendants filed motion for a new trial, which was by the court overruled, to which action of the court defendants duly excepted, and in due time appealed the cause to this court.

I. There are but two questions presented by the record in this court for consideration. The first is, can the contents of a lost or destroyed record be shown by parol evidence? and, second, were the allegations of the petition and the order of publication sufficient to give the circuit court jurisdiction over the subject-matter in the case of Steel, Collector, vs. the Unknown Heirs of Robert C. Hayes?

The defendants contend that the action of the court in permitting the introduction of parol evidence to show the contents of the order of publication in that case was erroneous. The evidence of the circuit clerk and that of his deputy showed that they made diligent search in their office for the record of that order and that it could not be found; and the evidence of Mr. Wright, the editor of the Weekly Record, showed that the order of publication was delivered to him for publication, and that it was duly published in his paper, and that it was an exact copy of the order admitted in evidence, and that the certified copy delivered to

him for publication had been destroyed by fire in the year of 1899.

The record clearly shows that said order of publication had been made and published, and had either been lost or destroyed prior to the date of the trial of this suit.

The rule of law in this State is well settled, that the contents of a lost or destroyed record may be established by parol evidence in the same manner as the contents of other lost or destroyed documents are shown. [Parry v. Walser, 57 Mo. 169; Foulk v. Colburn, 48 Mo. 225; Land & Mining Co. v. Land & Cattle Co., 187 Mo. 420.]

The recital in the judgment rendered in that case to the effect that the defendants had been duly notified by publication of the institution and the nature of that suit did not prevent plaintiff in this suit from showing by parol evidence that the order of publication did not comply with the provisions of section 580, Revised Statutes 1899, because, as stated by VALLIANT, J., in speaking for this court, in a well and very carefully considered case: "Appellant contends that the recital in the tax judgment to the effect that the summons was served cannot be overcome by the evidence of those witnesses. If the files in the case were accessible, the return itself would be the best evidence, and by it the recital in the judgment could be contradicted, but when the files in the case are lost their contents can be proven by the next best evidence." [Land & Mining Co. v. Land & Cattle Co., 187 Mo. l. c. 433.]

In the case at bar, the record of the order of publication and the certified copy which was delivered to the publisher were both lost or destroyed. Under those circumstances it was proper for the court to admit in evidence the files of the paper containing the publication of the lost or destroyed order. The editor swore the files contained a true and correct

copy of the order delivered to him by the clerk for publication. This made the files the next best evidence of the publication of the order. [St. Louis Ins. Co. v. Cohen, 9 Mo. 421; Brown v. Railroad, 69 Mo. App. 418; Conn v. McCullough, 14 Mo. App. 584.]

It follows from what has been said, that there was no error in the action of the trial court in admitting parol evidence to prove the contents of the lost or destroyed record of the order of publication, notifying the defendants of the institution of the suit of Steel, Collector, vs. the Unknown Heirs of Robert C. Hayes, deceased.

II. The second question presented by this record is, were the allegations of the petition and the statements in the order of publication in the case of Steel, Collector, vs. the Unknown Heirs of Robert C. Hayes, sufficient to confer jurisdiction of the circuit court over the subject-matter of that suit?

The allegation of the petition is as follows:

"That one Robert C. Hayes was the owner at the time of his death of the above-described premises and real estate and his heirs are now the owners thereof and they are unknown to the plaintiff, for which reason their names cannot be inserted in this petition."

The statute which prescribes how service shall be made upon unknown parties to suits instituted in the circuit courts of this State is as follows:

"If any plaintiff shall allege in his petition, under oath, that there are, or that he verily believes there are persons interested in the subject-matter of the petition, whose names he cannot insert therein because they are unknown to him, and shall describe the interest of such persons, and how derived, so far as his knowledge extends, the court, or the judge or clerk thereof in vacation, shall make an order as in case of non-residents, reciting moreover all allegations in relation to

the interest of such unknown parties." [R. S. 1899, sec. 580.]

This section of the statute not only requires the plaintiff to allege in the petition there are others besides those named who are interested in the subject-matter of the suit, but it also expressly commands that a description of their interest in and to the land shall be stated, as well as how they acquired that interest.

By reading the allegations of the petition, it will be seen that it alleges that Robert C. Hayes was the owner of the land at the time of his death, and that his heirs are now the owners thereof, and that they are unknown to him, and for that reason their names cannot be inserted in the petition, but there is no description whatever of the interest of such unknown persons to be found in the petition, as prescribed by the statute. It is perfectly silent upon that question. It is as much the duty of the plaintiff to describe in the petition the interests of such persons and how they acquired that interest as it is his duty to allege they are unknown to him and for that reason their names cannot be inserted therein.

The failure to describe in the petition the interest of those unknown heirs and how they "derived" that interest was fatal to that suit, and the judgment rendered therein was and is a nullity, and the sale under the execution based thereon passed no title to the purchaser, and the interests of said heirs were not divested or disturbed by said sale. [Land & Mining Co. v. Land & Cattle Co., 187 Mo. l. c. 437.]

The order of publication in that suit was in the language of the petition therein. It was also perfectly silent as to the description of the interest of the unknown heirs of Robert C. Hayes, nor did it contain a statement as to how they "derived" that interest, as required by the statute. The mandate of the statute was imperative and it should have been strictly com-

plied with, and the failure to do so rendered the service upon those heirs inoperative and void and it did not bring them into court, and the judgment rendered therein against them is void because they were not properly served. [Land & Mining Co. v. Land & Cattle Co., supra; Williams v. Monroe, 125 Mo. 585; Tooker v. Leake, 146 Mo. 419; Harness v. Cravens, 126 Mo. 233.]

The order of publication is also faulty because it fails to state that there "are persons interested in the subject-matter of the petition whose names he cannot insert therein because they are unknown to him."

III. Where a sale was made under an execution based upon a void judgment it may be attacked in a collateral proceeding. [Williams v. Monroe, 125 Mo. 585.]

For the reasons herein stated, the judgment of the circuit court is hereby affirmed.

All concur.