HERMAN J. HUISKAMP, C. L. KEATON, W. C. KEATON et al. v. JOHN N. MILLER and ALBERT H. CARTER, Appellants.

### Division Two, May 18, 1909.

**NON-RESIDENCE: Sufficient Allegation: Sec. 2022, R. S. 1889.** An allegation in the petition, in a tax suit against a natural person, that "the defendant is not a resident of the State of Missouri," etc., is sufficient to give the court jurisdiction over the defendant named, if followed by an order of publication in harmony therewith. The allegation need not also contain the additional words "cannot be served in this State in the manner prescribed in this chapter" found in section 2022, Revised Statutes 1889. Those last words modify only the words "a corporation of another State, kingdom or country" immediately preceding them.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED (*with directions*).

*Wammack & Welborn* for appellants.

(1) The affidavit on which the judgment, under which the land was sold for taxes was based, was sufficient. Allen v. Ray, 96 Mo. 542; Coombs v. Crabtree, 105 Mo. 292; Charles v. Kelley, 120 Mo. 134; Harbert

v. Durden, 116 Mo. App. 514; Paddock v. Paddock, 91 S. W. 398. (2) The intent of the Legislature is the primary object in construing all statutes. Grimes v. Reynolds, 94 Mo. App. 584; 24 Eng. and Am. Ency. Law (2 Ed.), 712. (3) In construing a statute, qualifying words and phrases must be confined to the next antecedent, unless the intent of the Legislature appears to have been contrary. 26 Eng. and Am. Ency. Law (2 Ed.), 613.

*Keaton & Keaton* for respondents.

The judgment in the tax suit was absolutely void. The plaintiff in the tax suit failed to allege in his petition that defendant was a non-resident of the State of Missouri, and could not be served in this State in the manner prescribed in this chapter. R. S. 1889, sec. 2022; R. S. 1899, sec. 575; Hedrix v. Hedrix, 103 Mo. App. 40; Tooker v. Leake, 146 Mo. 433; Kelly v. Murdaugh, 184 Mo. 377; Davis v. Montgomery, 205 Mo. 284. (a) The amendment, "and cannot be served in this State in the manner prescribed in this chapter," is the real and substantial amendment and added a new duty and mandatory requirement on the plaintiff to use diligence to serve the defendant personally with process and to so state in his petition. This new duty was created by the statutory amendment and not theretofore existing or prescribed. This amendment abrogated the prior rule that the simple allegation of non-residence, without an effort to serve defendant personally, would authorize an order of publication. "An affirmative enactment of a new rule implies a negative of whatever is not included, or is different; and if by the language used a thing is limited to be done in a particular form or manner, it includes a negative that it shall not be done otherwise." Sluder v. Railroad, 189 Mo. 194; State v. Canton, 43 Mo. 53; 26 Am. and Eng. Ency. Law (2 Ed.), 671; Davis v. Mont-

gomery, 205 Mo. 284. (b) The phrase, "or is a corporation of another State, kingdom or country." is the soul and sense of Sec. 742, R. S. 1879, and was transferred and written into Sec. 2022, R. S. 1889, by the amendment of 1889, so as to make it definite and certain that corporations were not overlooked as non-resident defendants. State ex rel. v. Patterson, 207 Mo. 144; State ex rel. v. Wiggins Ferry Co., 208 Mo. 631. (c) By another equally effective rule of construction we may arrive at the same legislative intent. We may eliminate the phrase, "or is a corporation of another State, kingdom or country," from Sec. 2022, R. S. 1889, and Sec. 575, R. S. 1899, as surplusage, since Sec. 742, R. S. 1879, and Sec. 2538a, R. S. 1889, and Sec. 1007, R. S. 1899, expresses exactly the same legislative intent. R. S. 1889, secs. 1989, 6568, 6570; Bingham v. Birmingham, 103 Mo. 348. This has always been, and now is, an approved rule. State v. Beasley, 5 Mo. 91; Keeney v. McVoy, 206 Mo. 65.

FOX, J.—This suit was brought in Stoddard county, Missouri, by the plaintiffs under the provisions of section 650, Revised Statutes 1899, by which it was sought to have the circuit court of Stoddard county ascertain and determine the estate, title and interest of the plaintiffs and defendants herein respectively, in and to all of the northeast quarter of section 18, township 24, range 12 east, containing one hundred and sixty acres more or less. The petition was in the usual and ordinary form, alleging that the plaintiffs were the owners in fee simple of the real estate described.

The defendants, John N. Miller and Albert H. Carter, filed an answer in which they denied each and every allegation contained in the petition, except the one in which it was alleged that they claimed title to the land described in the petition. Further answering these defendants alleged that they were the owners in

fee simple and claimed title to the land involved in this suit. There was also embraced in the answer a plea of the Statute of Limitations, in which it was alleged that the defendants had been in the exclusive, open, continuous, adverse possession, under claim and color of title, to said land for more than ten years prior to the institution of this suit by the plaintiffs, and had regularly paid all taxes levied and assessed against the same, and during all that time, neither the plaintiffs nor any one for them have made any claim of ownership or interest in and to said property.

Upon the trial of this cause it was agreed that Herman J. Huiskamp was the common source of title through whom plaintiffs and defendants claim, and that he acquired title to the premises in controversy June 21, 1870, by warranty deed, which was placed upon record August 5, 1870.

The plaintiff then offered a quitclaim deed from Herman J. Huiskamp and wife to C. L. Keaton and W. C. Keaton, dated October 3, 1905, recorded October 21, 1905, in Book 42, page 35, of the land records of Stoddard county, conveying the lands in controversy.

At this stage of the trial Mr. Keaton, representing the plaintiffs, took a nonsuit as to the northeast quarter of the northeast quarter, the Matless land.

Upon this testimony the plaintiffs rested their case.

The defendants then offered in evidence a sheriff's deed for taxes from J. R. Barham, sheriff of Stoddard county, Missouri, to Emil Weber, dated September 10, 1890, filed for record September 11, 1890, and recorded in Sheriff's Deed Book No. 1, page 301, of the land records of Stoddard county, conveying the interest of Herman J. Huiskamp in the west half of the northeast quarter of section 18, township 24, range 12, east.

To the introduction of this deed plaintiffs interposed an objection on the ground that the tax proceedings upon which such deed was based 'were absolutely' void and subject to collateral attack, and for the further reason that the court had no jurisdiction of the person of the owner of the real estate therein sought to be conveyed, and had no jurisdiction of the subject-matter of said suit. The plaintiffs, in support of said objection, offered the petition in the tax suit by the collector of Stoddard county against Herman J. Huiskamp. The form of this petition is not challenged, except as to the allegation of non-residence of the defendant, therefore it is unnecessary to reproduce in full the petition in such tax suit. The petition contained the following averment as to the residence of the defendant, and as this entire legal controversy hinges upon that averment it is well that we quote the allegation respecting the non-residence of the defendant. It was averred: ''Plaintiff further states that said defendant, Herman J. Huiskamp, is not a resident of the State of Missouri.'' In addition to this there was attached to the petition the affidavit of R. P. Owen, attorney for the collector, in which it is stated that the statement in the foregoing petition in regard to defendant being a non-resident is true, to the best of his knowledge and belief; signed, R. P. Owen, and subscribed and sworn to before a proper officer.

Plaintiffs, in further support of their objection to the sheriff's deed, offered the order of publication, which was in the usual form, alleging among other things that the plaintiff comes and files his petition and affidavit, alleging among other things that the defendant is not a resident of the State of Missouri. Following that is the publication as ordered by the clerk. There was also introduced the affidavit of the proof of publication by the publisher of a weekly

newspaper published in the county of Stoddard and State of Missouri.

Next plaintiffs offered in support of their objection to the sheriff's deed the judgment in the tax suit. The form of this judgment is not challenged, therefore there is no necessity for a reproduction of it. It was simply the ordinary judgment in a tax proceeding rendered by the circuit court of Stoddard county, Missouri, on March 6, 1890, against Herman J. Huiskamp, for taxes on the land involved in this controversy.

Upon this showing the court sustained the objection of plaintiffs to the introduction of the tax deed by the defendants, and said deed was excluded, to which ruling and action of the court the defendants excepted.

The sheriff's deed which was excluded by the court was in the usual and ordinary form, and there is no challenge on the part of the plaintiffs as to its sufficiency, therefore there is no necessity for incorporating the deed in this statement.

Defendants next offered a sheriff's deed for taxes from J. R. Barham, sheriff of Stoddard county, Missouri, to C. A. Kitchen, dated September 12, 1890, filed for record July 9, 1891, and recorded in Sheriff's Deed Book No. 2, at page 2, of the land records of Stoddard county, conveying the interest of Herman J. Huiskamp in the southeast quarter of the northeast quarter of section 18, township 24, range 12 east.

The plaintiffs interposed the same objection to this deed as was made to the other sheriff's deed indicated in this statement and offered in support of such objection the same testimony—the petition, the order of publication, the affidavit for publication and the proof of publication. These files being the same as those heretofore indicated in support of plaintiff's objection to the sheriff's deed made to Emil Weber, there is no necessity for making any further reference to such files.

The objection of the plaintiffs to the introduction of this tax deed was sustained and the deed excluded, to which action of the court the defendants excepted at the time.

This last sheriff's deed is in the usual and ordinary form and there is no controversy over the form of the deed, hence there is no necessity for incorporating this deed in the statement.

Following these two sheriff's deeds defendants offered a special warranty deed from C. A. Kitchen and wife to Miller, Ladd & Co., dated July 6, 1891, filed for record July 9, 1891, and recorded in book 10, page 575, conveying the southeast quarter of the northeast quarter of section 18, township 24, range 12 east. An objection was interposed to the introduction of this deed on the ground that the grantor had no title and could convey none. The objection of plaintiffs was by the court sustained, to which action of the court the defendants excepted at the time.

Defendants next offered a special warranty deed from Emil Weber, who was single, to Miller, Ladd & Company, dated September 25, 1891, recorded September 26, 1891, in book Y, page 387, conveying the west half of the northeast quarter of section 18, township 24, range 12 east. The same objection was made by the plaintiffs to the introduction of this deed, that is, that the grantor had no title and could convey none, and the objection was by the court sustained, to which action of the court the defendants excepted at the time.

Finally, defendants offered a quitclaim deed from F. M. Ladd and wife to J. N. Miller and A. H. Carter, composing the firm of Miller & Carter, dated September 5, 1892, filed for record September 6, 1892, and recorded in book 2, at page 496, conveying the lands in controversy. The same objection was offered to this deed as was made to the immediately two preceding deeds offered in evidence, and the objection was sus-

tained, and the deed excluded, to which action of the court the defendants excepted.

Albert H. Carter, one of the defendants in this cause, was sworn and introduced on the part of the defendants. His testimony was to the effect that he was a member of the firm of Miller, Ladd & Company, which was composed of J. N. Miller, F. M. Ladd and himself. It was a copartnership and was voluntarily dissolved about 1892, by Mr. Ladd withdrawing from the firm. The business thereafter was conducted by Miller and Carter under the firm name of Miller & Carter. This witness testified that he was acquainted with the land in controversy and had known it ever since he and his partner bought it in 1891. There is none of it under fence and none of it in cultivation. He stated that the defendants had a farm adjoining it which had been in cultivation a number of years, and the only use then made of the land in controversy was to take timber off of it from time to time, and use it in connection with the land in cultivation adjoining it. The land in controversy is low, wet, marshy land, not suitable for cultivation until it is drained. This witness further testified that the defendants had paid the taxes on it ever since they bought it, and nobody ever disputed their title until Col. Keaton set up a claim to it about the time he brought this suit. It has been locally known as Miller & Carter land ever since they bought it, and they had it surveyed and kept off trespassers, and exercised all the acts of ownership over it that it was susceptible of, and expected to clear it up as soon as they could get it drained.

Rudolph Weber was also introduced as a witness on the part of the defendants. We shall not undertake to detail his testimony, but it is sufficient to say of it that its tendency is to establish the state of facts as testified to by the defendant Carter.

The defendants requested the court to give certain declarations of law, which in substance declared the law to be that under the testimony introduced the finding of the court should be that the defendants have the legal title to said real estate. These declarations of law were refused.

This cause was submitted to the court upon the testimony as heretofore indicated, whereupon the court took it under advisement, and afterwards on the 16th day of January, 1906, rendered its finding and decree for the plaintiffs, and vested the plaintiffs with the title to such real estate. A timely motion for new trial was filed and by the court overruled. From the judgment and decree rendered in this cause the defendants prosecuted this appeal to this court, and the record is now before us for consideration.


## OPINION.

The record in this cause presents for our consideration but one legal proposition. The appellants offered in evidence in the trial court certain tax deeds, executed by the sheriff of Stoddard county, which deeds were executed and delivered by the sheriff in pursuance of sales made upon judgments rendered in a certain tax proceeding by the collector of Stoddard county against Herman J. Huiskamp. Upon objections interposed by respondents those deeds were excluded upon the ground that the order of publication issued by the clerk in vacation based upon certain allegations in the petition filed by the collector, were insufficient to confer jurisdiction upon the trial court in that cause. Defendants properly preserved their exceptions to the action of the court in excluding those deeds, hence it is apparent that the only question with which we are confronted is as to the sufficiency of the allegations of the plaintiff in the tax suit against Huiskamp to authorize the clerk to issue the order of pub-

lication. The order of publication recited the allegation in the petition concerning the non-residence of the defendant. The allegation in the petition, the sufficiency of which is challenged by respondents, is as follows: "Plaintiff further states that said defendant, Herman J. Huiskamp, is not a resident of the State of Missouri." Upon this allegation the clerk in vacation made the order of publication, reciting that the plaintiff by his attorney files his petition and affidavit alleging among other things that the defendant is not a resident of the State of Missouri. Then follows the usual order that said defendant be notified by publication, etc. Upon these disclosures of the record the question is sharply presented by counsel for appellant and respondents as to whether or not under the provisions of the statute in force concerning service by publication at the time the tax suit involved was instituted, the allegations in the petition and the order of publication predicated upon such allegation were sufficient to confer jurisdiction upon the trial court in that tax proceeding.

This proposition was fully discussed and the authorities reviewed by Judge BURGESS in the recent case of Keaton v. Jorndt, *ante*, page 117, and our discussion of it in this case is substantially a repetition of what was said in that case.

In 1889, section 3494, Revised Statutes of 1879, was amended. This amendment was embodied in section 2022, Revised Statutes of 1889, which is now embraced in section 575, Revised Statutes of 1899. Prior to the amendment referred to in 1889, concerning the subject of order of publications, the statute read as follows: "If the plaintiff, or other person for him, shall allege in his petition, or file an affidavit, stating that part or all of the defendants are non-residents of the State, or have absconded or absented themselves from their usual place of abode in this State, or that they have concealed themselves so that the ordinary pro-

cess of law can not be served upon them.'' Then follows the provision about the court or clerk in vacation making the order of publication. The statute as amended, which is embodied in section 575, supra, reads as follows (the parts of this section which embrace the amendment of the statute of 1889, will be found italicised): ''If the plaintiff, or other person for him, shall allege in his petition, or *at the time of filing same, or at any time thereafter, shall* file an affidavit, stating that part or all of the defendants are non-residents of the State, *or is a corporation of another State, kingdom or country, and can not be served in this State in the manner prescribed in this chapter,* or have absconded or absented themselves from their usual place of abode in this State, or that they have concealed themselves so that the ordinary process of law can not be served upon them.'' Following this is the provision, as in the previous statute referred to, for the issuance of the order of publication by the court or clerk in vacation.

The insistence of the respondents in this case is that the allegation in the petition that a part or all of the defendants are non-residents of the State is insufficient, and in order to authorize the issuance of an order of publication either by the court or clerk in vacation that it is essential that the petition or affidavit allege, in addition to the non-residence of the defendants, that they *''cannot be served in this State in the manner prescribed in this chapter.''* On the other hand the appellants with equal earnestness contend that the terms, *''can not be served in this State in the manner prescribed in this chapter,''* are applicable alone to the immediately preceding subject, that is, *''a corporation of another State, kingdom or country,''* and has no application whatever to individual non-resident defendants.

As before stated, the trial courts excluded the tax deeds as heretofore indicated on the ground that the allegations in the petition and the order of publication predicated upon it were insufficient to confer jurisdiction upon the trial court in that tax proceeding by reason of the omission of the terms, in addition to the allegation of the non-residence of the defendant, "*can not be served in this State in the manner prescribed by this chapter.*"

After a most careful consideration of all the authorities treating of the subject-matter now under consideration we have reached the conclusion that the trial court committed error in its action excluding the tax deeds offered by the appellants, and the amended statute treating of the subject of orders of publication was erroneously interpreted by the court. Doubtless the learned trial judge presiding in the trial of this cause was simply following the only case by an appellate court in this State which had in judgment before it this identical proposition. That was the case of Hedrix v. Hedrix, 103 Mo. App. 40. This case was subsequently overruled by the same court in Harbert v. Durden, 116 Mo. App. 512.

In the case last cited counsel directed the court's attention to the announcement of the rule in Hedrix v. Hedrix, supra, and the court, speaking through Judge Goode, simply stated that the decision in the Hedrix case was an erroneous construction of the statute as to the point involved, and expressly overruled that case.

To the same effect was Paddock v. Paddock, 91 S. W. 398, decided by the Kansas City Court of Appeals. It was ruled in that case that the order of publication was not void on account of the failure of the affidavit to state that the ordinary process of law could not be served upon the defendant in this State. This ruling was made prior to the overruling by the St. Louis Court of Appeals of the case of Hedrix v.

Hedrix, therefore it was considered in conflict with the Hedrix case and was certified to this court for final determination.

In Tufts v. Volkening, 122 Mo. 631, while the question involved in this case was not sharply presented or discussed, yet that was a suit by attachment upon the ground that the defendant was a non-resident of this State, and the affidavit for attachment alleged that the plaintiff had good reason to believe and did believe that the defendant was not a resident of this State. The order of publication was based upon this affidavit. This suit was begun in 1892. At that date the statute concerning orders of publication as amended in 1889 was in full force. The question was presented to the court and it was insisted that the court did not have jurisdiction of the subject-matter of the controversy or the defendant, but both the trial court and the Supreme Court held adversely to such contention. Under the provisions of section 570, chapter 8, Revised Statutes of 1889, it was fully recognized that there were many foreign corporations doing business in this State in pursuance of licenses issued to such corporations for such purposes. These corporations doing business in this State were usually represented by agents or officers having charge and supervision of such business, and section 570, supra, fully provided for the service of process upon such corporations, by delivering the process to any official or agent of such corporation in charge of any office or place of business.

It will be observed that this section as amended embraces two classes, first, that the petition or affidavit shall state that part or all of the defendants are non-residents of the State. That provision embraces individual defendants. Then follows the provision which requires the affidavit or petition to state (if the defendant is a corporation) that it is a corporation of another State, kingdom or country and can not be

served in this State in the manner prescribed in this chapter. In our opinion, the terms *can not be served in this State in the manner prescribed in this chapter* have reference alone to a corporation of another State, kingdom or country. This amendment fully recognized that there was a class of corporations of other States doing business in this State represented by agents or officers in charge of such business, that could be served with process in the mode pointed out by section 570, supra, and to that end that erroneous orders of publication might not issue against corporations of another State, kingdom or country, doing business in this State represented by agents or officers in charge of such business, the additional statement was required to be made as to corporations doing business in another State, kingdom or country, that they can not be served in this State in the manner prescribed in this chapter, or in other words, that they are corporations, but they can not be served in the manner prescribed by section 570, supra.

A party litigant seeking an order of publication against a corporation will find no difficulty in ascertaining as to whether the corporation is doing business in this State represented by an agent or officer in charge of such business, and in order to avoid the issuance of orders of publication against corporations doing business in this State represented by agents and officers in charge of such business this amendment requires that the plaintiff shall not only allege that it is a corporation of another State, kingdom or country, but shall also allege that it can not be served in this State in the manner prescribed in this chapter, or in effect can not be served in the manner prescribed by section 570. But as applicable to individual defendants who are non-residents of this State, this amendment, in our opinion, never contemplated that the plaintiff should, in addition to alleging non-residence of the State, state that service can not be had in this

State in the manner prescribed in this chapter. Oaths administered to parties in legal controversies are not mere matters of form, and there is usually no difficulty in determining as to whether a defendant is a resident or a non-resident of this State, but when parties are called upon to ascertain whether or not a non-resident of this State is not to be found temporarily within the borders of this great commonwealth, or required to make an affidavit that such parties can not be served in this State in the manner prescribed in this chapter, we apprehend that litigants who seek orders of publication against individual non-residents of the State would have great difficulty in settling in their own minds the state of facts to which they are frequently called upon to swear, that would authorize the court in term time or the clerk in vacation to issue an order of publication. Clearly it was never contemplated by the lawmaking power of this State, as applicable to individual defendants, that in order for a party litigant to secure an order of publication, it was essential, in addition to the allegation of non-residence, to make the statement that the individual defendant or defendants could not be served in this State in the manner prescribed in the chapter treating of orders of publication.

Learned counsel for respondents direct our attention to the cases of Harness v. Cravens, 126 Mo. 233; Tooker v. Leake, 146 Mo. 419; Kelly v. Murdagh, 184 Mo. 377; Davis v. Montgomery, 205 Mo. 271, and Moss v. Fitch, 212 Mo. 484.

A careful examination of those cases will demonstrate that they fall far short of supporting the contentions of the respondents upon the controverted legal propositions now under consideration.

In Harness v. Cravens, the petition alleges the non-residence of the defendant, and so did the accompanying affidavit, but as was recited in that case, instead of taking out an order of publication before the

clerk in vacation, as authorized by section 2022, Revised Statutes of 1889, a summons was issued to Harness returnable to the next November term. That summons was returned *non est,* October 25, 1889. The order of publication as issued in that case was based on that return. Now, it will be observed in that case, and it was so ruled, that the order of publication was a clear departure from the allegations of the petition and the affidavit, and it will be noted that the allegations of the petition and the affidavit simply alleged the non-residence of the defendant, but the order of publication was not issued, as the court clearly intimates that it could have been issued, upon the allegations in the petition and affidavit but was issued upon the summons which had been issued against, presumably, a resident defendant, and the court said in that case: "So we have here presented a defendant sued as a *non-resident,* summons issued against him as a *resident,* and publication issued against him as a resident *who could not be found."* Clearly that case has no application to the legal propositions now under consideration.

In the case of Tooker v. Leake, the record discloses that there was no allegation or affidavit of non-residence upon which the order of publication could rest, and it was ruled by the court that in consequence of the absence of such allegation of non-residence there was no authority whatever for an order of publication under section 2022, which embraced the amendment heretofore referred to. The record in that case further discloses that while there was a *non est* return upon which an order of publication might have been predicated under the provisions of section 2024, Revised Statutes 1889, yet it appearing upon the face of the record that the order of publication was not issued upon the ground provided for in section 2024, but upon the ground of non-residence, as provided in section

2022, hence it was held that the order. of publication as made was without any authority of law.

To the same effect was Kelly v. Murdagh. The petition in that case recited that the defendants were non-residents of the State. Upon the filing of the petition there was an order of publication made by the court reciting that it appearing to the court that the defendants "can not be found in the city of St. Louis and the court being satisfied that the ordinary process of law can not be served upon them, it. is ordered by the court that said defendants be notified," etc., by publication. This court, speaking through Judge VALLIANT, clearly pointed out the distinction between orders of publication addressed to residents who can not be found by the sheriff and publications addressed to non-residents, and it was ruled that one could not be substituted for the other. It was expressly ruled in that case that the court had no authority to make the order it did make based upon the alleged finding that the defendants could not be found, for such order could only be made after summons had been issued and returned by the sheriff that he could not find the defendants. The sheriff's return might or might not have been satisfactory evidence to the court that the defendants could not be found, but it was necessary before the court could go into the investigation. It was suggested in that case that the order of publication could or should have been made an order of publication against the defendants as non-residents, but the court in treating of this suggestion, said: "It does not help the judgment in this tax suit to say that on the face of the petition the court could or should have made an order of publication against the defendants as non-residents, because we are to judge the case, not by what the court should have done, but by what it in fact did. And it makes no difference that the order which the newspaper actually published was the order which the court ought to have made, because

the newspaper could not take the place of the court, or correct its errors." Clearly that case furnishes no support to the contentions of the respondents in the case at bar.

In Davis v. Montgomery, the proposition in judgment before the court was entirely unlike the question presented in the case at bar. In that case there was presented the question as to the sufficiency of the allegations in the petition to authorize the issuance of an order of publication against unknown parties to suits instituted in the circuit courts of this State. The statute which prescribes how service shall be made upon unknown parties to suits instituted in the circuit courts of this State, provides: "If any plaintiff shall allege in his petition, under oath, that there are, or that he verily believes there are persons interested in the subject-matter of the petition, whose names he can not insert therein because they are unknown to him, and shall describe the interest of such persons, and how derived, so far as his knowledge extends, the court, or the judge or clerk thereof in vacation, shall make an order as in case of non-residents, reciting moreover all allegations in relation to the interest of such unknown parties." [R. S. 1899, sec. 580.] It was held in that case that the section of the statute not only required the plaintiff to allege in the petition that there are others besides those named who were interested in the subject-matter of the suit, but it also expressly commands that a description of their interest in and to the land shall be stated, as well as how they acquired that interest. The final conclusion was announced that the failure to describe in the petition the interest of the unknown heirs and how they derived that interest was fatal to the suit, and that the order of publication which followed the allegations in the petition was insufficient. Manifestly that case by no means has any application to the legal proposition confronting the court in the case at bar.

Learned counsel for respondents cite the case of Moss v. Fitch, and insist that the case of Hedrix v. Hedrix, 103 Mo. App., is approved in that case. An examination of the case of Moss v. Fitch will demonstrate that the case of Hedrix v. Hedrix is cited and approved upon another proposition involved in the Hedrix case, but makes no reference whatever to the question presented in the case at bar. The Hedrix case had in judgment before it the question as to the proper interpretation, not only of section 575, but as well section 582, and the Fitch case, to which counsel so earnestly invite our attention, quoted with approval the discussion of the Court of Appeals as to the correct interpretation of section 582. The Court of Appeals in discussing that section had under consideration an entirely different proposition to the case at bar. They were confronted with the question concerning the rendering of personal judgments based upon service of process on defendants beyond boundaries of the State of Missouri, hence it is manifest that the reference to the Hedrix case by this court in Moss v. Fitch can not be distorted into an approval of the interpretation by that court of section 575, and furnishes no authority in support of the contention of the respondent upon the proposition now under consideration.

We see no necessity for pursuing the subject further. We have indicated our views upon the only legal proposition disclosed by the record, which results in the conclusion that the judgment of the trial court should be reversed. It is therefore ordered that the judgment of the trial court be reversed and the cause remanded with directions to enter judgment and decree in favor of the appellants.

All concur.