## CHARLES T. JONES, Appellant, v. BEN J. EDEMAN et al.

### Division Two, November 23, 1909.

1. **PROCESS: Publication: Affidavit.** Where the suit is against natural persons and the summons is by publication, the affidavit upon which the order is based need not state that the ordinary process of law cannot be served on defendant "in this State." The words "in this State" are a necessary part of the affidavit only when the defendant is a foreign corporation.

2. **MORTGAGE: Married Woman: For Husband's Benefit.** It is perfectly competent for a married woman to mortgage her lands to secure the payment of her husband's debts, and when she does so she stands in the relation of surety for him, even though she does not sign the mortgage note.

3. ———: ———: ———: **Judgment in Another State.** The taking of a judgment, in another State, against the husband alone on his individual note, does not have the effect of releasing his wife on her mortgage given to secure the payment of that note.

4. ———: ———: ———: ———: **Collateral Attack.** The defense that the wife, who had mortgaged her lands to secure the payment of her husband's individual note, was released on her mortgage by the taking of a judgment against him alone in another State, should be made in the suit brought against her and him to foreclose the mortgage, and if not made then is not open to her or her vendee in a subsequent suit in ejectment.

5. **EJECTMENT: Instruction on Limitations.** Where defendants established title by a valid paper title, it is unnecessary to consider the propriety of giving an instruction on their right to claim title by adverse possession.

Appeal from Chariton Circuit Court.—*Hon. Jno. P. Butler,* Judge.

AFFIRMED.

*L. H. Waters* for appellant.

(1) The process in the foreclosure proceedings was void. It was not stated in the affidavit that the ordinary process of law could not be served on de-

fendants in this State. As the law stood prior to the Act of 1887 service by publication could be had on any non-resident defendant whether an individual or corporation. Process could be served on any non-resident found in the State and upon the agent of any non-resident corporation having an office in this State. Laws 1881, p. 174. At the time of the passage of the Act of 1887, it is a matter of common knowledge that many non-resident corporations and thousands of non-resident business and professional men were engaged in business in this State and particularly in St. Louis, Kansas City and St. Joseph and spent the business hours of each day within the jurisdiction of our courts. The laws of 1881 required that a summons should be served on a defendant, and on the agent of non-resident corporations having an office in this State. Laws 1881, p. 174. The Legislature never intended to extend the protection of this statute to agents of non-resident corporations and to exclude therefrom the non-resident business man who might as easily be served. Statutes must be construed with reference to the objects which prompted and induced their enactment and the mischief they were intended to remedy. Spitler v. Young, 63 Mo. 42. To legalize the issuance of process and to secure jurisdiction in such cases the requirements of the statute should be observed with scrupulous accuracy. Russell v. Grant, 122 Mo. 161. The words "in this State" are important and significant. Hedrix v. Hedrix, 103 Mo. App. 46. While Hedrix v. Hedrix was overruled in Harbut v. Durden, 116 Mo. App. 512, no reason was given for the change of front and with all due respect to that court, we think none can be found. (2) The Nebraska judgment operated to discharge the liability of Mrs. Rolfe on her mortgage. She was in the position of a surety and anything done by the mortgagee that would discharge a surety discharges her. 1 Jones on Mort., secs. 114, 942; Cross v. Allen, 141 U. S. 528.

*J. A. Collett* and *H. J. West* for respondents.

(1)   The affidavit for the order of publication was sufficient. This point has been directly decided by both courts of appeal. Harbert v. Durden, 116 Mo. App. 512; Paddock v. Paddock, 91 S. W. 398. We also cite on this question: Coombs v. Crabtree, 105 Mo. 292; Evarts v. Lumber and Mining Co., 193 Mo. 433. This suit was brought soon after the case of Hedrix v. Hedrix, 103 Mo. App. 40, was decided by the St. Louis Court of Appeals, and the bringing of it was evidently prompted by the opinion in that case; but since that case was decided, the Kansas City Court of Appeals has decided the question the other way in the Paddock case, and the St. Louis Court of Appeals has overruled the Hedrix case in the Harbert case. This question has been recently determined by this court, in accordance with our contention. Keaton v. Jorndt, 220 Mo. 117; Huiskamp v. Miller, 220 Mo. 135; Van Natta v. Real Estate Co., 220 Mo. 373.   (2) The Nebraska judgment did not have the effect of releasing Mrs. Rolfe on her mortgage. Where the wife mortgages her land to secure her husband's debt her contract is one of suretyship; and where the creditor does something to change the interests of the surety, or damages him by releasing securities, or makes a valid contract extending the time of payment, the surety is released; but the surety is not released merely because the creditor takes judgment against the principal or tries to collect his debt from the principal. Neither could the plaintiff avail himself in this case of such release, even if the effect of that judgment had been to release Mrs. Rolfe. The court in the foreclosure case had jurisdiction of the subject-matter and of the parties, and the merits of the judgment cannot be inquired into in this collateral proceeding. Gray v. Bowles, 74 Mo. 419; Holt County v. Cannon, 114 Mo. 514; Rabb v. Bruere, 23 Mo. App. 604.

GANTT, P. J.—This is an action in ejectment for one hundred and sixty acres of land, the northeast quarter of section 12 in township 55 north, of Range 21 west, in Chariton county, Missouri. Edeman, the original defendant, was the tenant of Lois and Edna Kennedy. The Kennedys were made defendants on their application. Harriett E. Rolfe is the common source of title.

Plaintiff's title was acquired by deed from Harriett E. Rolfe and husband, of date May 4, 1905. Defendants' title was deraigned from W. S. Woods, who purchased under a judgment foreclosing a mortgage given by Harriet E. Rolfe and husband to Charles Jewett, bearing date January 20, 1890, to secure the husband's note for $1,500, of which Woods was the owner at the time of the foreclosure in 1893. Previously thereto Woods had obtained a judgment against Rollin M. Rolfe, the husband, on said note, in Oteo county, Nebraska, which fact appears in the petition to foreclose the mortgage.

The decree of foreclosure was rendered at the April term, 1893, of the circuit court of Chariton county, and Woods purchased the lands at the execution sale under said judgment, on October 21, 1893. In the foreclosure proceedings the defendants were summoned or notified by publication and the judgment was by default.

The plaintiff herein asserts the invalidity of the decree of foreclosure on two grounds: first, that the affidavit on which the order of publication was based was insufficient to authorize said publication, and, second, that the effect of the Nebraska judgment was to discharge Harriet E. Rolfe, the owner of the mortgaged lands. The affidavit alleged that "Rollin M. Rolfe and Harriet E. Rolfe are non-residents of the State of Missouri and the ordinary process of law cannot be served on them."

I.  Plaintiff insists the affidavit was fatally defective in not stating that the ordinary process of law could not be served on said defendants *in this State*.  This action seems to have been commenced soon after the promulgation of the decision of the St. Louis Court of Appeals in Hedrix v. Hedrix, 103 Mo. App. 40, which sustained the contention of counsel for plaintiff in this suit; but the St. Louis Court of Appeals overruled that decision, Harbert v. Durden, 116 Mo. App. 512, and the Kansas City Court of Appeals in Paddock v. Paddock, 91 S. W. 398, ruled adversely to Hedrix v. Hedrix.  In the very recent decisions of this court in Keaton v. Jorndt, 220 Mo. 117; Huiskamp v. Miller, 220 Mo. 135 and Van Natta v. Real Estate Co., 221 Mo. 373, the legislation on this topic which has finally eventuated in section 575, Revised Statutes 1899, was traced by this court.  The Revised Statutes of 1889 were in force at the time of the commencement and prosecution of the foreclosure suit.  Section 2022 of the Revised Statutes of 1889 was in these words:  "If the plaintiff or other person for him shall allege in his petition *or at the time of filing the same, or at any time thereafter* shall file an affidavit stating, that part or all of the defendants are non-residents of the state, or is *a corporation of another state, kingdom or country, and cannot be served in this state in the manner* prescribed in this chapter, or have absconded or absented themselves from their usual place of abode in this state, or that they have concealed themselves so that the ordinary process of law cannot be served upon them, the court in which said suit is brought, or in vacation the clerk thereof, shall make an order directed to the non-residents or absentees, notifying them of the commencement of the suit, and stating briefly the object and general nature of the petition," etc.

Omitting the words in italics we will have the statute as it existed prior to the revision of 1889.  [Sec. 3494, R. S. 1879.]  As pointed out in Huiskamp v. Mil-

ler, *supra,* prior to the revision of 1889, a foreign corporation might be served by publication even though it had an office and was doing business in this State, and the purpose of this change was to require service by ordinary process of law in this State whenever such service was possible. Prior to this provision, a corporation of another state, kingdom or country might be served by publication upon the mere affidavit that it was a non-resident, and if the section as revised had been intended to apply to all non-residents, the words "or is a corporation of another state, kingdom or country" would not have been added. We think it is clear, as was ruled in Huiskamp v. Miller and Keaton v. Jorndt, *supra,* that the clause, "cannot be served in this state in the manner prescribed in this chapter," has reference alone to the corporation of another state, kingdom or country, and has no reference whatever to natural persons who were, or are, non-residents of this State. See also Tufts v. Volkening, 122 Mo. 631. The plaintiff's contention, therefore, that the circuit court acquired no jurisdiction over Rolfe and wife by the order of publication is unsound.

II. It was perfectly competent for Mrs. Rolfe to mortgage her land to secure her husband's debt and it is true as contended by plaintiff that when she did this she stood in the relation of a surety for her husband. But the taking of a judgment in Nebraska against her husband on this debt, which was primarily his obligation, did not have the effect of releasing Mrs. Rolfe on her mortgage. It is also plain that this defense is not open to the plaintiff at this time, because the circuit court of Chariton county had jurisdiction of the subject-matter of said suit and of the parties, and the merits of that judgment cannot be inquired into now in this collateral proceeding. Had it been a defense at all it was open to Mrs. Rolfe in the foreclosure proceedings and neither she nor the plaintiff

can be heard to urge it now. [Gray v. Bowles, 74 Mo. 419; Holt County v. Cannon, 114 Mo. 514.] As the defendants established title to the land by a perfectly valid paper title, it is entirely unnecessary to inquire into the propriety of the giving of the 8th instruction on their right to claim title by adverse possession. The judgment of the circuit court was right and is affirmed.

*Burgess* and *Fox, JJ.*, concur.